THE STATE, EX REL. MCGARVEY, APPELLEE AND
CROSS-APPELLANT, *v.* ZEIGLER, EXEC. DIR., ET AL.,
APPELLANTS AND CROSS-APPELLEES.

[Cite as State, ex rel. McGarvey, v. Zeigler (1980),
62 Ohio St. 2d 320.]

(No. 79-1649—Decided June 11, 1980.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman &
Gee, Mr. James E. Melle* and *Ms. Sharon V. Fladen,* for ap-
pellee and cross-appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Paul L. Cox,* for appellants and cross-appellees.

*Per Curiam.* Appellee has an adequate remedy in the ordinary course of law through a declaratory judgment action under R. C. 2721.01 *et seq.* However, availability of this remedy was apparently not considered by either the appellee or the appellate court.

This court stated in *State, ex rel. Dollison,* v. *Reddy* (1978), 55 Ohio St. 2d 59, 60, that "***[t]he availability of a declaratory judgment action does not bar the issuance of a writ of mandamus when the relator otherwise makes a proper showing, although the court may consider the availability of declaratory judgment as one element in exercising its discretion whether the writ should issue." See *State, ex rel. Bennett,* v. *Lime* (1978), 55 Ohio St. 2d 62.

Further, the right to the relief sought by the relator in mandamus must be clear and the burden of establishing such right is upon the relator. *State, ex rel. Libby-Owens-Ford Glass Co.,* v. *Indus. Comm.* (1954), 162 Ohio St. 15, 16.

This court concludes that the rights of the relatrix-appellee herein are not so clear as to justify issuance of the extraordinary writ of mandamus and, under the facts and circumstances *sub judice,* an adequate remedy at law exists which is more suited to resolving the issues presented.

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.