THE STATE, EX REL. SQUARE ET AL., APPELLANTS, *v.*
PLANNING COMMISSION OF THE VILLAGE
OF MADISON, APPELLEE.

(No. 80-446—Decided December 17, 1980.)

*Kohrman, Jackson & Weiss Co., L.P.A.,* and *Mr. John F. Ballard,* for appellants.

*Messrs. Baker, Hackenberg & Haskell, Mr. I. James Hackenberg* and *Mr. George B. Haskell,* for appellee.

*Per Curiam.* "In order to grant a writ of mandamus, a court must find that the relator has a clear right to the relief

prayed for, that the respondent is under a clear duty to perform the requested act, and that the relator has no plain and adequate remedy at law." *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 44. Relators have a plain and adequate remedy at law in the form of a declaratory judgment action. In *P. H. English* v. *Koster* (1980), 61 Ohio St. 2d 17, this court affirmed the trial court's order that plats are approved by operation of law when a planning commission has failed to comply with its mandatory duty to approve or disapprove the preliminary and final plats within 30 days. *P. H. English* was brought as a declaratory judgment action.

Since relators have a plain and adequate remedy in the ordinary course of the law, the judgment of the Court of Appeals denying the writ is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.