THE STATE, EX REL. BRODY, APPELLANT, v. PELTIER, DIRECTOR, OHIO DEPARTMENT OF COMMERCE, APPELLEE.

(No. 84AP-719 — Decided October 3, 1985.)

*Patrick J. Alcox,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Sandra L. Neely,* for appellee.

MOYER, J. This matter is before us on the appeal of relator, Dennis Brody, from a judgment on the pleadings in favor of respondent, the Director of the Ohio Department of Commerce ("director"), formerly Warren W. Tyler. The judgment found that Brody's complaint failed to state a claim upon which relief could be granted.

Brody filed his complaint December 16, 1982 against then-Director of Commerce J. Gordon Peltier. The answer was made February 16, 1983 by the new Director of Commerce, Tyler, who was automatically substituted as respondent under Civ. R. 25(D)(1).

Brody submitted interrogatories in November 1983, which were answered by Tyler in December 1983.

The director submitted a motion for judgment on the pleadings January 4, 1984, relator replied, and respondent's brief states oral argument was heard on the motion March 5, 1984. The motion was sustained, and the court entered its decision July 2, 1984. In the meantime, relator sought to amend his pleadings May 8, 1984 (no copy in record), and respondent filed an answer thereto May 22, 1984. The record shows that the court has never ruled on relator's motion to amend the complaint. Relator also submitted further interrogatories to respondent in May 1984 and sought to have respondent supplement answers to the first set of interrogatories. Respondent answered the former in June 1984 but has never responded to the latter.

Following the court's judgment on the pleadings July 2, 1984, relator filed a request for findings of fact and conclusions of law, to which the trial court has not responded. The present appeal followed.

Relator appeals with three assignments of error:

"(1) The trial court erred in granting Respondent's 'Motion for Judgment on the Pleadings,' a Rule 12(C) motion.

"(2) The trial court failed to construe Relator's Complaint and Amended Complaint in a light most favorable to the Relator and failed to take the material allegations of both as admitted.

"(3) The trial court erred in its refusal to make separate findings of fact and conclusions of law."

Relator's first and second assignments of error are related and will be considered together. Two issues are presented: first, whether judgment on the pleadings was properly granted in favor of the director; and, second, whether the failure to grant relator leave of court to amend the complaint was prejudicial error.

A writ of mandamus may be issued against a public official where the relator shows: (1) a clear legal right to the relief prayed for; (2) a clear legal duty upon respondent to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of law. *Eudela* v. *Rogers* (1984), 9 Ohio St. 3d 159. A fourth requirement of mandamus relevant to this case is that a monetary claim must be definite in amount. *Williams* v. *State, ex rel. Gribben* (1933), 127 Ohio St. 398, 401; *State, ex rel. Barborak,* v. *Hunston* (1962), 173 Ohio St. 295, 301 [19 O.O.2d 195].

Relator's original mandamus complaint sought an order requiring Tyler to act pursuant to R.C. 169.10, 169.12 and

169.99 of the Unclaimed Funds Act. The relator's complaint alleged that the director knowingly and wrongfully permitted banks to make service charges and withhold earned interest from unclaimed funds which escheat to the state under R.C. Chapter 169. Relator sought mandamus to compel the recovery of these amounts, and to penalize financial institutions which do not report these amounts. Relator further sought to recover all costs and attorney fees of his action.

The trial court sustained respondent's Civ. R. 12(C) motion for judgment on the pleadings.

Judgment on the pleadings may be granted where no material factual issue exists, and the moving party is entitled to judgment as a matter of law. *Calhoun* v. *Supreme Court of Ohio* (1978), 61 Ohio App. 2d 1 [15 O.O.3d 13]. The determination of the motion is restricted solely to the allegations of the pleadings, with all reasonable inferences construed in the nonmovant's favor. *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, 165-166 [63 O.O.2d 262].

Construing the allegations of relator's complaint in his favor, the third and fourth requirements for a writ of mandamus are satisfied. Relator has no plain and adequate remedy in the ordinary course of law. The availability of a declaratory judgment action, contrary to respondent's assertion, does not bar the issuance of a writ of mandamus. *State, ex rel. Dollison,* v. *Reddy* (1978), 55 Ohio St. 2d 59, 60 [9 O.O.3d 67]. Relator seeks recovery of definite sums of money. Given respondent's records, relator could audit funds and determine a fixed sum of amounts charged against and not credited to the unclaimed funds.

Under any facts, however, relator cannot show a clear legal duty upon the director to audit the accounts which become payable to the state under R.C. Chapter 169. There is no statutory duty upon the director to audit the accounts

for the purposes urged by Brody. There is also no duty upon the financial institutions under R.C. 169.03 or Ohio Adm. Code Chapter 1301:10-3 to report service charges or interest withheld. Consequently, the director is under no clear legal duty to assess penalties for failure to report those charges and interest.

Further, mandamus lies to compel the act of a present existing duty as to which there is a default. *State, ex rel. Willis,* v. *Sheboy* (1983), 6 Ohio St. 3d 167, paragraph two of the syllabus. Relator admits that the director is now recovering service charges and has a policy for auditing and penalizing failures to report unclaimed funds. "Nothing could be less clear or more uncertain than a right to relief where the issue is resolved or becomes moot." *Dayton* v. *Horstman* (C.P. 1957), 77 Ohio Law Abs. 570, 576. Relator does not have a clear legal right to the relief prayed for.

Construing the facts in his favor, relator has failed to satisfy the first two requirements for mandamus and, accordingly, judgment on the pleadings of the original complaint was properly granted.

Relator's original complaint also included a demand for attorney fees, which was denied by judgment on the pleadings in favor of the director. Absent statutory provision, attorney fees are not recoverable as costs of an action in mandamus. *State, ex rel. Murphy,* v. *Indus. Comm.* (1980), 61 Ohio St. 2d 312 [15 O.O.3d 386]. R.C. 2731.11, which provides that a successful relator can recover damages and costs, does not expressly authorize an award of attorney fees. *State, ex rel. Grosser,* v. *Boy* (1976), 46 Ohio St. 2d 184 [75 O.O.2d 228]. Therefore, the trial court's denial of attorney fees was proper.

With respect to the second issue raised by relator's first two assignments of error, the record shows that the court never ruled on relator's motion to amend the complaint. We have searched

the record and have found no tendered amended complaint, although both parties refer to an amended complaint in their briefs and the director filed an amended answer. We are unable, without a tendered amended complaint, to find that relator was prejudiced by the trial court's failure to sustain his motion.

Accordingly, the first and second assignments of error are overruled.

The relator's third assignment of error predicates error upon the trial court's refusal to make separate findings of fact and conclusions of law to accompany its judgment.

Relator's third assignment of error is not well-taken. Civ. R. 52 permits a request for findings of fact and conclusions of law, but adds that:

"Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56."

Respondent's motion for judgment on the pleadings was a Civ. R. 12(C) motion, and therefore a statement of findings and conclusions by the trial court was not mandatory, but discretionary. Dismissal of a complaint in response to a Civ. R. 12(B)(1) and (6) motion without explanation pursuant to Civ. R. 52 does not violate the due process and due course of law provisions of the federal and state Constitutions. *Vrabel* v. *Vrabel* (1983), 9 Ohio App. 3d 263. Accordingly, relator's third assignment of error is overruled.

The assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY, P.J., and NORRIS, J., concur.