THE STATE, EX REL. BOARD OF TOWNSHIP TRUSTEES OF NILE TOWNSHIP, *v.* BROWN, SECRETARY OF STATE.

[Cite as State, ex rel. Bd. of Twp. Trustees of Nile Twp., *v.* Brown (1985), 19 Ohio St. 3d 153.]

(No. 85-1478—Decided October 9, 1985.)

*Lynn Alan Grimshaw,* prosecuting attorney, and *Harry T. Herdman,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, *Andrew I. Sutter* and *Cherry L. Poteet,* for respondent.

*Per Curiam.* R.C. 3501.05(J) imposes upon respondent the duty to "[a]pprove ballot language for any local question or issue * * *."

R.C. 5705.25 sets forth the form of the ballot to be used in the submission of a proposed levy to the voters and provides in relevant part:

"The form of the ballots cast at such election shall be:

" 'An additional tax for the benefit of (name of subdivision) * * * for the purpose of (purpose stated in the resolution) * * * at a rate not exceeding * * * mills for each one dollar of valuation, which amounts to (rate expressed in dollars and cents) * * * for each one hundred dollars of valuation, for * * * (life of indebtedness or number of years the levy is to run) * * *'

"'* * *

"If the levy submitted is a proposal to * * * replace * * * an existing levy, the form of the ballot specified in this section may be changed by substituting for the words, 'An additional' at the beginning of the form; the words * * * 'A replacement of a' in the case of a proposal to replace an existing levy in the same amount; * * *."

Relator argues that "[t]he Secretary of State is under a mandatory duty to approve ballot language designating a proposed tax levy as 'a replacement' tax when such language is specifically authorized by law."

Although R.C. 5705.25 requires a replacement levy to be designated as such, relator has made no showing that its levy is, in fact, a replacement levy rather than a renewal levy. Similarly, relator has not demonstrated any prejudice from respondent's action in designating the levy at issue a renewal levy.

Mandamus is an extraordinary remedy. It will not lie unless relator has a clear right to the relief sought and clearly demonstrates its entitlement to the writ. *State, ex rel. McGarvey,* v. *Zeigler* (1980), 62 Ohio St. 2d 320, 321 [16 O.O.3d 363]. Relator has not met this burden.

Accordingly, the writ prayed for is denied.[1]

*Writ denied.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

---

[1] In view of our determination herein, it is unnecessary to rule on respondent's motion to join a necessary party.