DEVON, INC.; COURTNEY, APPELLANT, *v.* THE STATE OF OHIO, BUREAU OF MOTOR VEHICLES, APPELLEE

(No. C-850381 — Decided
April 16, 1986.)

*Sylvester D. Courtney, Jr., pro se.*
*Anthony J. Celebrezze, Jr.,* attorney
general, and *Elizabeth A. Tarpy,* for appellee.

*Per Curiam.* This cause came on to
be heard upn an appeal from the Court
of Common Pleas of Hamilton County.

I

Devon, Inc. ("Devon"),[1] "by" its
president, appellant Sylvester D. Courtney, Jr., appeals from the judgment of
the court below denying an application
for a writ of mandamus. The following
facts are not in dispute. On May 31,
1984, Courtney presented himself at the
office of a deputy registrar of the
Bureau of Motor Vehicles on Montgomery Road in the city of Montgomery,
Hamilton County, Ohio. Courtney made
application to an agent therein for the
renewal of Ohio license plates for a
motor vehicle titled to Devon. As a condition of renewal the agent requested
Courtney's social security number,
which is required information under
R.C. 4503.10(A)(7). Courtney refused to
divulge his social security number to the
agent, whereupon the agent declined to
validate the renewal application.

On June 29, 1984 Courtney caused
an application for a writ of mandamus to
be filed in which he requested the court
below to issue a writ commanding the
respondent-appellee to renew the license
plates of the Devon vehicle.[2] On May 6,
1985, the court below denied the application for the writ of mandamus. From
that judgment appellant brings this
timely appeal in which he asserts the
following assignments of error:

First Assignment of Error

"The trial court erred when it confused registration with renewal."

Second Assignment of Error

"The trial court erred when it misinterpreted [17 Ohio Jurisprudence 3d
(1980) 114, Constitutional Law, Section
597] * * *."

Third Assignment of Error

"The trial court erred when it failed
to recognize [11 American Jurisprudence (1937) 827, Constitutional Law,
Section 148] * * *."

Fourth Assignment of Error

"The trial court erred in the application of the test to determine [the] constitutionality of O.R.C. Sec. 4503.10
(A)(7)."

Fifth Assignment of Error

"The trial court erred in not determining O.R.C. Sec. 4503.10(A)(7)['s]
'operative effect.' "

While the parties state that the trial
court issued a written opinion concerning the issues *sub judice,* we do not find
such opinion in the record before us. We
are therefore without the benefit of the
trial court's conclusions concerning the
cause *sub judice.* However, we discern
from the briefs and the arguments of the
parties that there are two issues raised
by the appellant's assignments of error:
(1) the appropriateness of the appellant's mandamus application, and (2) the
constitutionality of the requirement of a

---

[1] During oral argument we were informed by Courtney that Devon, Inc. is an
Ohio Subchapter S corporation and a holding
company of certain parcels of real estate.
Devon, Inc. has no employees.

[2] On January 2, 1985, Courtney filed an
amended application, purportedly in response to the appellee's motion to dismiss.
The relief sought in the amended application
is the same as that of the original pleading.

social security number under R.C. 4503.10(A)(7). For the reasons to follow we affirm the judgment of the trial court.

## II

To begin our analysis of the cause *sub judice,* we note that it is well-established that in order for a writ of mandamus to issue, it is incumbent upon the relator to show: (1) a clear legal right to the relief he seeks; (2) a clear legal duty upon the respondent to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of law. *Eudela* v. *Rogers* (1984), 9 Ohio St. 3d 159, 161, 9 OBR 448, 449, 459 N.E. 2d 539, 541. From our review of the cause *sub judice,* we conclude that appellant has not satisfied the third prong of the above test. His plain and adequate legal remedy was a declaratory judgment action, by which his rights under R.C. 4503.10 could have been determined by the court below.

"Any person whose rights, status or other legal relations are affected by a law may have determined any question of construction or validity arising under such law, where actual or threatened prosecution under such law creates a justiciable controversy. Courts of record may declare rights, status and other legal relations, and the declaration may be either affirmative or negative in form and effect. (R.C. 2721.02 and 2721.03 applied.) "[3] *Pack* v. *Cleveland* (1982), 1 Ohio St. 3d 129, 1 OBR 166, 438 N.E. 2d 434, paragraph one of the syllabus.

## III

Next we address the constitutionality of the requirement of R.C. 4503.10 (A)(7) that the written application for license plate renewal contain the applicant's social security number.[4] For the reasons to follow we find the provision to be constitutional.

To advance his challenge to the constitutionality of the statute *sub judice,* appellant argues that appellee has not demonstrated how his social security number will substantially enhance the public's health, morals, safety or welfare. Appellee urges that Courtney's interest in the confidentiality of his social security number is outweighed by the state's interest in the integrity of its vehicle registration laws and the execution of its police power. We agree. We perceive a legitimate state interest in verifying the identity of those citizens who register vehicles which will be

---

[3] R.C. 2721.03 reads in pertinent part as follows:

"Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, rule, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

[4] R.C. 4503.10 provides in pertinent part:
"(A) Every owner of a motor vehicle

* * * which is operated or driven upon the public roads or highways shall cause to be filed each year * * * in the office of the registrar of motor vehicles or a deputy registrar, a written application * * * for registration for the following registration year * * *. Applications for registration shall be filed at the times established by the registrar * * * and shall be made on blanks furnished by the registrar for that purpose, containing the following information:
"* * *

"(7) The owner's social security account number, if assigned, or, where a motor vehicle to be registered is used for hire or principally in connection with any established business, the owner's federal taxpayer identification number."

"operated or driven upon the public roads or highways" (R.C. 4503.10[A]).

" 'Police regulations, whether by ordinance or statute, will frequently interfere with the enjoyment and use of property and with the making of contracts. However, this court has consistently held that a police regulation having that effect may be valid unless it clearly appears that such regulation bears no real and substantial relation to the public health, safety, morals or general welfare of the public or is unreasonable or arbitrary.' " *Wilson* v. *Cincinnati* (1976), 46 Ohio St. 2d 138, 142, 75 O.O. 2d 190, 193, 346 N.E. 2d 666, 669 (quoting *West Jefferson* v. *Robinson* [1965], 1 Ohio St. 2d 113, 119-120, 30 O.O. 2d 474, 477-478, 205 N.E. 2d 382, 387).

We therefore conclude that R.C. 4503.10(A)(7) bears a real and substantial relation to the safety and general welfare of the public, and is neither unreasonable nor arbitrary because all applicants for motor vehicle registration are subject to this regulation.

### IV

Having addressed the issues raised by appellant's five assignments of error, we overrule them and affirm the judgment of the court below.

*Judgment affirmed.*

KEEFE, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.