CINCINNATI ENQUIRER *v.* CINCINNATI.

(No. C-890175—Decided September 27, 1989.)

*Keating, Muething & Klekamp* and *Richard L. Creighton, Jr.,* for relator.

*Richard A. Castellini,* city solicitor, and *Julie F. Bissinger,* for respondent.

*Per Curiam.* This is an original action in which the relator, the Cincinnati Enquirer, seeks a writ of mandamus requiring the respondent, the city of Cincinnati, to disclose the contents of a certain letter in its possession because it is, allegedly, a public record.

The motion of the respondent to dismiss the petition was overruled and the respondent then answered, setting forth eighteen separate defenses. Thereafter, the respondent filed the letter, under seal, with this court and

moved for summary judgment pursuant to Civ. R. 56. The city's motion was followed by one from the relator seeking summary judgment in its favor.

Both parties submitted the affidavits of respective counsel setting forth particulars of fact pursuant to Civ. R. 56. Appended to the motion of the Cincinnati Enquirer is the following stipulation endorsed by counsel for the city of Cincinnati:

"It is hereby stipulated by and between the parties that the record is complete in this action. It is further stipulated that the sole issue for the Court's consideration is the public release of the letter filed herein under seal on June 5, 1989."

The affidavits of counsel, together with appended copies of correspondence, establish the factual basis upon which this court has proceeded in resolving the questions of law presented by the motions for summary judgment.

On March 9, 1984, there was pending in the United States District Court for the Southern District of Ohio, Western Division, a civil case denominated on that court's docket as *Matje* v. *Leis*, No. C-1-82-351. The jurist to whom that case was assigned, the Honorable S. Arthur Spiegel, addressed the letter which is the subject of this controversy to counsel for some of the parties involved therein, and supplied a copy of it to the city of Cincinnati through its Solicitor because the city was involved in the litigation.[1]

Some five years later, the Cincinnati Enquirer became aware of the existence of the letter in the course of its investigation of another case, the particulars of which are not germane to the matter to be decided by us in the case *sub judice*. During the interim between the posting and receipt of the letter and the Enquirer's discovery of its existence, the federal litigation was settled, and Judge Spiegel ordered the record of the case to be sealed.

In February 1989, a reporter for the Enquirer requested the city's Solicitor to give him access to the file maintained by the city on the *Matje* case. This communication prompted two meetings between Judge Spiegel and, apparently, all counsel involved in that litigation. Judge Spiegel determined that his letter was issued originally in confidence and should remain confidential.

Early in April 1989, the Solicitor requested Judge Spiegel to give formality to his determination that his letter remain a confidential communication by placing of record an entry to that effect. The Enquirer sought from the judge an order unsealing the record in the *Matje* case because it believed the letter it sought was part of that record. Judge Spiegel informed the Enquirer that the letter was not part of the record.

Judge Spiegel transferred the case to another jurist sitting on the bench of the district court, the Honorable Carl B. Rubin, and by letter dated June 16, 1989, advised the Solicitor of the fact of that transfer. Because the case was then in the hands of Judge Rubin, Judge Spiegel declined to issue the order sought by the city and instructed it to direct all further inquiries to Judge Rubin.

Efforts by the Solicitor to have Judge Rubin intercede to have the confidentiality of the letter preserved by entry resulted only in a reiteration by Judge Spiegel of his position that he desired that the letter remain confidential but would not sign an entry to that effect. In his letter to an assistant to the Solicitor dated June 16, 1989,

---

[1] The Solicitor of the city of Cincinnati represented one of its police officers in his official capacity.

Judge Spiegel crystallized his position by stating:

"Several months ago, the matter of releasing the March 9, 1984 letter to the Press was raised. I convened a conference of counsel who were involved and it was apparent that there was not unanimity about releasing it to the public. I concluded that since I had given my word that the letter would not be of record, that it was therefore confidential and would remain so unless all parties consented to its release. Since certain parties in the litigation are unwilling to consent to its release, I continue to honor my word; I will keep it confidential.

"* * *

"Thus, this letter is not a part of the record in *Matje, et al.* v. *Leis, et al.,* C-1-82-351. I cannot advise you as to whether the copy contained in the City's file is a record for purposes of the matter pending in the Court of Appeals. I hope the foregoing will be of some assistance to you in your representation of the City."

Put succinctly, the city's motion for summary judgment is based upon the contention that because Judge Spiegel will not break his word to counsel by making the letter of March 9, 1984, a part of the record, the city "cannot voluntarily publish the letter" because by doing so it would violate "a mandate of the Federal District Court." We cannot agree.

While Judge Spiegel's determination to keep his pledge to counsel that the contents of his letter would be kept confidential is admirable and, indeed, characteristic of him in the conduct of his private and public affairs, the city has misassessed the legal nature of it. The plain fact is that there is no man-date from the federal court which prevents it from acting. It is understandable that the city desires to assist Judge Spiegel by maintaining confidentiality, but it cannot rely upon a non-existent mandate from the federal court in refusing to disclose the contents of the letter. Judge Spiegel's statement is correct—the letter of March 9, 1984, is not now nor has it ever been a part of the record in *Matje* v. *Leis.*

The fundamental precept upon which this case pivots is set forth in *Eudela* v. *Rogers* (1984), 9 Ohio St. 3d 159, 161, 9 OBR 448, 449, 459 N.E. 2d 539, 541, as follows:

"It is axiomatic that a writ of mandamus may issue only where the relator shows (1) a clear legal right to the relief prayed for, (2) a clear legal duty upon respondent to perform the act requested, and (3) that relator has no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 29."

The Supreme Court applied this axiom in *State, ex rel. Mothers Against Drunk Drivers,* v. *Gosser* (1985), 20 Ohio St. 3d 30, 20 OBR 279, 485 N.E. 2d 706, in deciding whether a writ of mandamus should issue to compel a clerk of a municipal court to make available to the public portions of files containing information pertaining to cases involving accusations of operating motor vehicles while intoxicated.[2] The writ of mandamus had been sought in the appropriate court of appeals and had been refused because, under a local court rule, the clerk was no longer the keeper of the requested files. The Supreme Court reversed the court of appeals and allowed the writ,

---

[2] Mothers Against Drunk Drivers had established a court-watch program dedicated to the reduction of deaths resulting from the operation of vehicles by drunken drivers and used the court's case files to compile statistics relevant to that effort.

declaring in the first syllabus paragraph:

"Any document appertaining to, or recording of, the proceedings of a court, or any record necessary to the execution of the responsibilities of a governmental unit is a 'public record' and 'required to be kept' within the meaning of R.C. 149.43. Absent any specific statutory exclusion, such record must be made available for public inspection."

It is significant to us that in the case at bar the city has not resisted the issuance of the writ to compel it to hand over to the Cincinnati Enquirer the letter of March 9, 1984, for perusal on the ground that the letter was not a "public record" within the meaning of R.C. 149.43. Indeed, there is nothing within what has been supplied us, which comports with the requirements of Civ. R. 56, which would allow us to conclude, factually and legally, that the letter is not a public record when that question is viewed in the light cast upon it by *Gosser, supra.*

The jaws of the vise within which the city sees itself as being confined draw tight when the question whether the letter is a public record is considered by the rule given us by the Ohio Supreme Court in the second syllabus paragraph in *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E.2d 786:

"A governmental body refusing to release records has the burden of proving that the records are excepted from disclosure by R.C. 149.43."

We find that the city has failed to show the existence of any genuine issue of fact material to the resolution of the questions of law postulated by the opposing motions for summary judgment, *viz.,* whether the Cincinnati Enquirer has a clear right to peruse the contents of the letter of March 9, 1984, whether the city has a clear legal duty to permit the demanded examina-

tion of the letter, and whether the Enquirer has a plain and adequate remedy in the ordinary course of law other than the relief sought by a writ of mandamus. Resultantly, the relator, the Cincinnati Enquirer, is entitled as a matter of law to have the writ issue as prayed for.

Given the record in its abbreviated state as contemplated by Civ. R. 56, we have made our individualized scrutiny of the letter to determine whether it contains information excepted from disclosure by statute. We acknowledge that this may be a labor of supererogation in light of the somewhat limited directive given in the fourth syllabus paragraph of *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland, supra,* which provides as follows:

"When a governmental body asserts that public records are excepted from disclosure and such assertion is challenged, the court must make an individualized scrutiny of the records in question. If the court finds that these records contain excepted information, this information must be redacted and any remaining information must be released."

An examination leads us to conclude that none of the information conveyed in Judge Spiegel's letter is excepted from disclosure. Therefore no redaction by us is required.

As we have noted *supra,* the letter of March 9, 1984, has been filed with this court under seal. Resultantly, to implement the granting of the motion of the relator, the Cincinnati Enquirer, for summary judgment and our order that a writ of mandamus issue requiring that the respondent, the city of Cincinnati, disclose the contents of the letter, *in toto,* and grant free access to it, we order further that the letter, which has been resealed by us, be returned to the city of Cincinnati forthwith by the Clerk of the Court of Appeals for Hamilton County by certified

mail. Upon its receipt of the letter, the city of Cincinnati is instructed to proceed to afford full access to it as ordered herein.

*Judgment accordingly.*

SHANNON, P.J., UTZ and GORMAN, JJ., concur.