[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellee, the city of Cincinnati, filed a complaint against defendant-appellant, Al Gammarino, Trustee, seeking to recover unpaid fines for violations of the Cincinnati Building Code on property owned by Gammarino. Gammarino never appeared at the administrative hearings on the alleged violations. He contended that he had not received notice of the proceedings and that the building code was unconstitutional. The trial court granted summary judgment in favor of the city.
On appeal, Gammarino presents two assignments of error for review. In his first assignment of error, he contends that the trial court erred in granting summary judgment in favor of the city when a genuine issue of material fact existed as to whether he had received adequate notice of the proceedings. This assignment of error is not well taken.
The judgment in this case relates to two properties owned by Gammarino on Edwards Road and Baltimore Avenue. Gammarino relies on two of the initial notices, which he contends were simply posted at those two addresses. However, he completely ignores the city's evidence showing that notices regarding each of the violations were mailed to Gammarino at 3700 E. Galbraith Road. Gammarino admitted receiving mail at that address for over twenty years. Both notices informed him of the procedure for requesting an administrative hearing and of the doubling of fines not paid within a certain time after those notices.
Gammarino also relies on notices relating to another property on Considine Avenue, which were sent to a post office box at which Gammarino had never received mail. However, the city dismissed the part of its complaint relating to the Considine Avenue property, and the judgment involved only the Edwards Road and the Baltimore Avenue properties.
Due process requires that notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them the opportunity to present their objections. In re Forfeiture of Liens for Delinquent Taxes (1980),62 Ohio St.2d 333, 405 N.E.2d 1030, paragraph one of the syllabus. Notice by ordinary mail to a party's last-known address is reasonably calculated to provide actual notice and meets minimum due process requirements.Tulsa Prof. Collections Services, Inc. v. Pope (1988), 485 U.S. 478,489-490, 108 S.Ct. 1340, 1347; Central Trust Co. v. Jensen (1993),67 Ohio St.3d 140, 142, 616 N.E.2d 873, 876.
In this case, Gammarino failed to rebut the city's evidence that it had sent him notice that was reasonably calculated to apprise him of the pendency of the action and to afford him the opportunity to present his objections. In fact, he acknowledged that he had been receiving mail for many years at the address to which the city had mailed the notices. Consequently, he failed to meet his burden to show that a genuine issue of material fact existed as to that issue. See Drescher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274; Stinespring v. NatorpGarden Stores, Inc. (1998), 127 Ohio App.3d 213, 216, 711 N.E.2d 1104,1106. Accordingly, the trial court did not err in granting summary judgment in the city's favor, and we overrule Gammarino's first assignment of error.
In his second assignment of error, Gammarino contends that Title XV of the Cincinnati Municipal Code relating to civil offenses is unconstitutional. He contends that the civil-offense notices deprive landowners of property without due process. He also contends that the fines are arbitrary, unreasonable and excessive. This assignment of error is not well taken.
A strong presumption exists in favor of the constitutionality of municipal ordinances. A party challenging a legislative enactment bears the burden to show that it is unconstitutional. Hudson v. Albrecht, Inc. (1984), 9 Ohio St.3d 69, 71, 458 N.E.2d 852, 855.
Numerous courts have held that civil penalties imposed administratively are constitutional. See Atlas Roofing Co., Inc. v. Occupational Safetyand Health Rev. Comm. (1977), 430 U.S. 442, 97 S.Ct. 1261; ReconstructionFin. Corp. v. Bankers Trust Co. (1943), 318 U.S. 163, 63 S.Ct. 515; VanHarken v. Chicago (C.A.7, 1997), 103 F.3d 1346; Gardner v. Columbus
(C.A.6, 1988), 841 F.2d 1272. Further, an ordinance enacted pursuant to a municipality's police power is valid unless it clearly appears that the ordinance "bears no real and substantial relation to the public health, safety, morals or general welfare of the public or is unreasonable or arbitrary." Wilson v. Cincinnati (1976), 46 Ohio St.2d 138, 141-142,346 N.E.2d 666, 669; Devon v. Ohio Bur. of Motor Veh. (1986),31 Ohio App.3d 130, 133, 508 N.E.2d 984, 986.
Our review of Chapter XV of the Cincinnati Municipal Code convinces us that the civil-offense system, particularly in relation to the building code, has a substantial relation to the health and safety of the general public and that it is neither unreasonable nor arbitrary. It is an efficient system for the enforcement of municipal regulations without the time and expense of criminal prosecution. See Van Harken, supra;Gardner, supra. Further, Gammarino presented no evidence to show that the fines are arbitrary or excessive. See United States v. Bajakajian
(1998), 524 U.S. 321, 118 S.Ct. 2028; Van Harken, supra; Gardner, supra. Accordingly, Gammarino failed to meet his burden to show that Chapter XV of the Cincinnati Municipal Code is unconstitutional. Accordingly, we overrule his second assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.