67 P.3d 839

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Mark WILDER, Defendant–Appellant.**

No. 28163.

Court of Appeals of Idaho.

March·31, 2003.

Mark Wilder, Moscow, pro se appellant.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Mark Wilder appeals from his judgment of conviction for driving a motor vehicle without a valid license, arguing that the magistrate lacked jurisdiction and that the requirement that Wilder provide his social security number in order to obtain a driver's license violates his constitutional right to travel. We affirm.

## BACKGROUND

Wilder was charged with driving a motor vehicle without a valid license, a misdemeanor, Idaho Code § 49–301. Before trial, he moved to dismiss the charge, asserting that the Idaho Transportation Department had denied him a driver's license because he would not disclose a social security number. Wilder argued that the denial of a driver's license deprived him of his right to travel, which he characterized as "an inalienable right given by God." The magistrate denied the motion. Wilder thereafter filed a motion to dismiss the charge for lack of jurisdiction, contending that "he is not subject to any Court wherein the Supreme law of the land cannot be argued or applied in his defense." The magistrate implicitly denied this motion by proceeding with a jury trial and, following a guilty verdict, entering a judgment of conviction. Wilder appealed to the district court, which affirmed the conviction. Wilder now appeals to this Court, asserting that the magistrate court erred in denying his two dismissal motions.

## ANALYSIS

Because the issues presented—the jurisdiction of the magistrate and the constitutionality of a statute—are issues of law, we exercise *de novo* review. *State v. Richards,* 127 Idaho 31, 34, 896 P.2d 357, 360 (Ct.App. 1995).

### A. Jurisdiction of the Magistrate

Wilder's argument that the magistrate court lacked jurisdiction to try him for driving a motor vehicle without a valid license is easily resolved by review of Idaho's constitutional and statutory provisions. Article V, § 2, of the Idaho Constitution provides, in part: "The judicial power of the state shall be vested in a court for the trial of impeachments, a Supreme Court, district courts, and such other courts inferior to the Supreme Court as established by the legislature.... The jurisdiction of such inferior courts shall be as prescribed by the legislature." The legislature has prescribed the assignment of misdemeanor proceedings to the magistrate division of the district court,

I.C. § 1–2208(3)(a), and driving a motor vehicle without a valid license is a misdemeanor. I.C. § 49–301. Thus, the magistrate court had jurisdiction to try Wilder in this proceeding.

## B. Constitutionality of the Driver's License Requirement

■ Wilder next argues that the statutory prohibition against driving a motor vehicle without a valid license, I.C. § 49–301, in conjunction with the statutory requirement that applicants provide their social security numbers in order to obtain a valid driver's license, I.C. § 49–306(2), is unconstitutional because it violates the right to travel. The right to travel is firmly embedded in federal constitutional jurisprudence. *Saenz v. Roe,* 526 U.S. 489, 498–99, 119 S.Ct. 1518, 143 L.Ed.2d 689 (1999); *Att'y Gen. of New York v. Soto–Lopez,* 476 U.S. 898, 901–03, 106 S.Ct. 2317, 90 L.Ed.2d 899 (1986) (Brennan, J., plurality opinion). This right includes the right of a citizen of one state to enter other states and to change residence from state to state. *Saenz,* 526 U.S. at 500, 119 S.Ct. 1518. States may, however, impose reasonable restrictions on the right to travel. *New York v. O'Neill,* 359 U.S. 1, 7, 79 S.Ct. 564, 3 L.Ed.2d 585 (1959). A state law does not impermissibly infringe on this right unless impeding travel is the law's primary objective, the law actually deters such travel, or the law uses a classification that serves to penalize the exercise of the right. *Soto–Lopez,* 476 U.S. at 903, 106 S.Ct. 2317.

■ Other jurisdictions have held that the right to travel does not imply the right to choose a particular mode of travel, or a "right to drive." *See, e.g., Miller v. Reed,* 176 F.3d 1202 (9th Cir.1999) (holding that right to travel was not unconstitutionally impeded where appellant's application for renewal of driver's license was rejected for failure to supply social security number because appellant did not have a fundamental right to drive a motor vehicle); *State v. Skurdal,* 235 Mont. 291, 767 P.2d 304 (1988) (holding that right to travel was not implicated where appellant was convicted of operating a motor vehicle without a valid driver's license because the right to travel did not

include the right to operate a motor vehicle on the public highways); 16B Am.Jur.2d, Constitutional Law § 613 ("There is no constitutional right to a particular mode or manner of travel"). The Idaho Supreme Court, however, has held that the right to operate a motor vehicle on public highways is a matter of constitutional dimension. In *Adams v. City of Pocatello,* 91 Idaho 99, 101, 416 P.2d 46, 48 (1966), the Court declared that the right to drive "is a right or liberty, the enjoyment of which is protected by the guarantees of the federal and state constitutions." Consequently, the courts of this state must regard the right to drive a motor vehicle on public highways as constitutionally protected.

The state of Idaho may subject this right to reasonable regulation, however, in the exercise of its police power. *Id.; Gordon v. State,* 108 Idaho 178, 179, 697 P.2d 1192, 1193 (Ct.App.1985). Therefore, the question before this Court is whether the requirement that one obtain a driver's license before driving upon the highways and, in the process, provide one's social security number, is a reasonable regulation in furtherance of the state's police power.

■ Under the broad authority of the police power, a state legislature may enact laws concerning the health, safety, and welfare of the people so long as the regulations are not arbitrary or unreasonable. *State v. Leferink,* 133 Idaho 780, 784, 992 P.2d 775, 779 (1999); *Van Orden v. State, Dep't of Health and Welfare,* 102 Idaho 663, 667, 637 P.2d 1159, 1163 (1981); *Lindstrom v. Dist. Bd. of Health Panhandle Dist. I,* 109 Idaho 956, 962, 712 P.2d 657, 663 (Ct.App.1985). We have previously held that driver's license and vehicle registration requirements are legitimate exercises of the state's police power, *Gordon,* 108 Idaho at 180, 697 P.2d at 1194, as is the requirement that the operator of a motor vehicle carry proof of liability insurance. *Bissett v. State,* 111 Idaho 865, 868, 727 P.2d 1293, 1296 (Ct.App.1986); *State v. Reed,* 107 Idaho 162, 164, 686 P.2d 842, 844 (Ct.App.1984).

The requirement that drivers be licensed before operating motor vehicles on the streets and highways of this state promotes public safety and order by requiring that

vehicle operators meet minimal standards for knowledge of the rules of the road and driving competence. It is reasonable, in furtherance of that objective, for the state to employ means to verify the identity of license applicants, such as the use of social security numbers. Other jurisdictions have held that the requirement that a social security number be furnished when applying for a driver's license or license plates is a legitimate exercise of the state's police power as an aid to establish identity. *Schmidt v. Powell,* 4 Ill.App.3d 34, 280 N.E.2d 236, 237–38 (1972); *Devon, Inc. v. State, Bureau of Motor Vehicles,* 31 Ohio App.3d 130, 508 N.E.2d 984, 986 (1986). We are likewise of the view that the requirement that an applicant divulge a social security number in order to obtain a driver's license is a legitimate exercise of the state's police power.

## CONCLUSION

We hold that the magistrate did not err by exercising jurisdiction in this misdemeanor proceeding, nor by holding that the requirement that Wilder provide his social security number in order to obtain a driver's license did not violate his right to travel. The judgment of conviction is therefore affirmed.

Judge PERRY and Judge GUTIERREZ CONCUR.