OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Pro se Appellant, Delores M. Karnofel, appeals the April 30, 2008 decision of the Mahoning County Court of Common Pleas which sustained the State's motion to dismiss Karnofel's December 6, 2007 complaint as untimely.
 {¶ 2} On appeal, Karnofel argues that the trial court committed an abuse of discretion by failing to properly review her exhibits and the record below, and by not finding that counsel committed misconduct during Karnofel's August 27, 2004 hearing before the Administrative Law Judge. Karnofel also argues that the trial court violated her right to due process because it did not find that Karnofel was denied a fair hearing before the Administrative Law Judge.
 {¶ 3} Because Karnofel's petition was untimely, the trial court was jurisdictionally barred from considering the merits of her petition. Thus dismissal was proper. Additionally, the court did not commit error by sustaining the State's motion to dismiss without further reviewing Karnofel's exhibits or issues in the underlying proceedings, as it was not required to do so. The court acted properly in not addressing Karnofel's arguments regarding her August 27, 2004 hearing. Accordingly, the decision of the trial court is affirmed.
 Facts {¶ 4} On May 15, 2001, Karnofel was hired by DWYCO Xerox Office Center as a salesperson. During her initial probationary period, Karnofel was discharged subsequent to a training evaluation. Karnofel filed discrimination charges against the employer with the Ohio Civil Rights Commission. The Ohio Civil Rights Commission performed an investigation, and subsequently issued an administrative complaint against DWYCO Xerox Office Center.
 {¶ 5} An evidentiary hearing was held before an Administrative Law Judge on August 27, 2004. The Administrative Law Judge found that there was insufficient evidence to support Karnofel's allegations of discrimination, and recommended that the complaint be dismissed. On December 14, 2006, the Ohio Civil Rights Commission *Page 2 
adopted the Administrative Law Judge's report and dismissed Karnofel's complaint. The decision was sent to Karnofel on March 30, 2007.
 {¶ 6} On April 18, 2007, Karnofel petitioned the Mahoning County Court of Common Pleas for judicial review of the Ohio Civil Rights Commission's decision, and was assigned Case Number 2007 CV 1376. On February 29, 2008, the trial judge affirmed the decision of the Ohio Civil Rights Commission, finding that it was supported by reliable, probative, and substantial evidence. Karnofel filed two separate motions for reconsideration on March 12 and April 9, 2008, which the trial court overruled on April 22 and May 6, 2008. Karnofel filed a notice of appeal on June 9, 2008, which this court dismissed as untimely. Karnofel v.Dwyco Xerox Office Center, 7th Dist. No. 08 MA 116, 2008-Ohio 3433.
 {¶ 7} Meanwhile, on December 6, 2007, Karnofel again petitioned the Mahoning County Court of Common Pleas for judicial review of the same Ohio Civil Rights Commission decision, and was assigned Case Number 2007 CV 4597. On April 10, 2008, the State filed a motion to dismiss, arguing that Karnofel's petition was filed more than thirty days after the Ohio Civil Rights Commission's decision, and thus did not satisfy the jurisdictional requirements of R.C. 4112.06. The State also argued that Karnofel's complaint addressed issues that were resolved in the trial court's final decision on Case Number 2007 CV 1376, though the State did not file an answer to plead this claim. The trial court sustained the State's motion and dismissed the case with prejudice on April 30, 2008. The trial court served notice of its decision to the parties on May 30, 2008.
 Jurisdiction Over Adminstrative Appeals {¶ 8} Karnofel asserted the following three assignments of error on appeal:
 {¶ 9} "The Trial Court abused its discretion when it failed to see that the Administrative Law Judge's and the Ohio Civil Rights Commission's decisions were not based upon reliable evidence, resulting in fraud upon the courts."
 {¶ 10} "The Trial Court abused its discretion when it failed to see that Attorney Sharon Tassie used the wrong employee in disparate treatment — Abuse of process."
 {¶ 11} "Appellant's Due Process rights were violated." *Page 3 
 {¶ 12} All three assignments of error claim that the trial court failed to properly review Karnofel's exhibits and the record of the underlying proceedings. Karnofel asserts that a proper review of the record would have revealed judicial misconduct, attorney misconduct, fraud, negligence, and bribery. None of Karnofel's arguments relates to the trial court's jurisdiction to hear her case. The dispositive issue in this case is whether the trial court erred in granting the State's motion to dismiss for lack of jurisdiction.
 {¶ 13} In an appellate review of a dismissal for lack of subject matter jurisdiction, this court must determine de novo "whether any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80,537 N.E.2d 641. Karnofel has the right to appeal a decision by the Civil Rights Commission pursuant to R.C. 4112.06, and "when the right to appeal is conferred by statute, the appeal can be perfected only in the mode prescribed by the statute." Ramsdell v. Ohio Civ. Rights Com'n
(1990), 56 Ohio St.3d 24, 27, 563 N.E.2d 285. The statute requires Karnofel to file her petition for review within thirty days of service of the Commission's decision. R.C. 4112.06(H). After that time, a common pleas court does not have jurisdiction to hear the claim.Ramsdell at 28.
 {¶ 14} The Ohio Civil Rights Commission served their decision on Karnofel's case on March 30, 2007. The petition for review at issue in this case was filed with the Mahoning County Court of Common Pleas on December 6, 2007, more than thirty days later. The trial court thus did not have jurisdiction to review the case, and would not have been permitted to resolve the case on its merits.
 {¶ 15} Additionally, the trial court did not err in its failure to address the facts of the case below in reaching its decision to dismiss for lack of jurisdiction. The State's Motion to Dismiss was based on the trial court's lack of subject-matter jurisdiction, and was thus pursuant to Civ. R. 12(B)(1). When reviewing a Civ. R. 12(B)(1) motion to dismiss, a trial court has the discretion to consider evidence outside of the pleadings. Southgate Dev. Corp. v. Columbia Gas Transm. Corp. (1976), 48 Ohio St.2d 211, 358 N.E.2d 526. Thus extraneous review is not mandatory, and a court may dismiss a case pursuant to Civ. R. 12(B)(1) without addressing facts contained in the record below. State ex rel Brodyv. *Page 4 Peltier (1985), 27 Ohio App.3d 20, 20 OBR 21, 499 N.E.2d 910. Because the trial court was not required to review the facts surrounding Karnofel's August 27, 2004 proceeding before the Administrative Law Judge, it did not commit reversible error by failing to do so. Karnofel's assignments of error are therefore meritless.
 Conclusion {¶ 16} The trial lacked jurisdiction to consider the merits of Karnofel's untimely petition. Karnofel's assignments of error are unrelated to the propriety of a dismissal pursuant to Civ. R. 12(B)(1), and are otherwise meritless because the trial court was not obligated to inquire into the record below in order to reach its decision. Accordingly, the judgment of the trial court is affirmed.
Vukovich, P.J., concurs.
Donofrio, J., concurs. *Page 1