IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39376

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 620 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 4, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STEPHEN D. L'ABBE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Kathryn A. Sticklen, District Judge. Hon. Daniel Steckel, Magistrate.

Order of the district court upholding the magistrate's denial of a motion to dismiss, affirmed.

Stephen D. L'Abbe, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Stephen D. L'Abbe appeals from the district court's intermediate appellate decision affirming his conditional guilty plea before a magistrate to a misdemeanor open container violation.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

L'Abbe was cited by a Boise police officer for an open container violation. The magistrate found probable cause that L'Abbe had committed the violation. L'Abbe filed a motion to dismiss with prejudice because the magistrate lacked personal and subject matter jurisdiction which was denied. Thereafter, L'Abbe entered a conditional guilty plea, reserving the right to appeal the jurisdictional issues, and he was ordered to pay a fine and costs, which were stayed pending the appeal. L'Abbe appealed to the district court and the district court affirmed the magistrate's decision. L'Abbe timely appeals.

## II.

## DISCUSSION

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217.

### A.     The Magistrate Division Had Jurisdiction Over L'Abbe

L'Abbe argues, in various ways, that the magistrate division in this matter did not have proper jurisdiction over him or the case. In summation, L'Abbe argues that: (1) the magistrate lacked personal and subject matter jurisdiction; (2) his Sixth Amendment right was violated because he has the right to face his accusers and "[n]o Mr. Idaho" appeared in court; and (3) he "is not evidenced in earlier affidavits a 14th Amendment slave as cited above." Whether a court has jurisdiction is a question of law, over which we exercise free review. *State v. Kavajecz*, 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003); *State v. Savage*, 145 Idaho 756, 758, 185 P.3d 268, 270 (Ct. App. 2008). For the following reasons, each of L'Abbe's arguments is unavailing.

L'Abbe essentially argues that the magistrate division does not have jurisdiction over him. A similar argument was raised in *State v. Wilder*, 138 Idaho 644, 67 P.3d 839 (Ct. App. 2003). There, the appellant claimed that "he is not subject to any Court wherein the Supreme Law of the land cannot be argued or applied in his defense." *Id.* at 645, 67 P.3d at 840. In resolving that issue, this Court stated:

> Wilder's argument that the magistrate court lacked jurisdiction to try him for driving a motor vehicle without a valid license is easily resolved by review of Idaho's constitutional and statutory provisions. Article V, § 2, of the Idaho Constitution provides, in part: "The judicial power of the state shall be vested in a court for the trial of impeachments, a Supreme Court, district courts, and such other courts inferior to the Supreme Court as established by the legislature. . . . The jurisdiction of such inferior courts shall be as prescribed by the legislature."

2

> The legislature has prescribed the assignment of misdemeanor proceedings to the magistrate division of the district court, I.C. § 1-2208(3)(a), and driving a motor vehicle without a valid license is a misdemeanor. I.C. § 49-301. Thus, the magistrate court had jurisdiction to try Wilder in this proceeding.

*Id.* at 645-46, 67 P.3d 840-41.

Here, the law at issue before the magistrate division was an open container violation pursuant to Boise City Code § 6-01-15. A violation of Boise's open container law is a misdemeanor. *See* I.C. § 1-2208(3)(a); B.C.C. § 6-01-21. Thus, the magistrate division had jurisdiction to try L'Abbe in this proceeding.

L'Abbe also contends that he made a special appearance in this matter solely to challenge the magistrate's jurisdiction. This argument is misguided as well. The personal jurisdiction in this case is clearly delineated in I.C. § 18-202, which states, in part, "[t]he following persons are liable to punishment under the laws of this state: (1) All persons who commit, in whole or in part, any crime within this state." Additionally, the Idaho Supreme Court has stated that "[I.C.] § 18-202 establishes the court's personal jurisdiction over all individuals who commit a crime in this state." *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). The court acquired personal jurisdiction over L'Abbe at the time of his first appearance in the case. Thus, the magistrate division had jurisdiction over L'Abbe and the criminal matter in this case.

## B.     Other Claims

L'Abbe concedes the ultimate issue is one of jurisdiction; however, he also states several non-jurisdictional issues are likewise on appeal. In that category, L'Abbe asserts: (1) judicial misconduct, in that he was coerced by the magistrate "to consider an Attorney for his defense"; (2) the failure to use the Idaho Rules of Civil Procedure; (3) a violation of separation of powers; (4) a violation of his due process rights; (5) a violation of the supreme law of the land by the "Idaho courts [sic] of Appeals 2003"; (6) a violation of the common law because it should have governed the case; and (7) that all judges in Idaho "are not able to make any determinations (ruling) on the fact, law and nature of the law, because of their administrative 'corporate' appointment." Having reviewed the record, we conclude that L'Abbe's arguments stemming from non-jurisdictional issues are without merit and warrant no further discussion.

3

**III.**

**CONCLUSION**

Based on the foregoing, the magistrate division had personal and subject matter jurisdiction over L'Abbe and his violation of Boise's open container law. L'Abbe's other claims are without merit. The district court's decision upholding the magistrate's denial of L'Abbe's motion to dismiss is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**