HAMILTON ET AL., APPELLEES AND CROSS-APPELLANTS, *v.*
LINK-HELLMUTH, INC., APPELLANT AND CROSS-APPELLEE.

(No. 534—Decided April 25, 1957.)

*Mr. James P. Wilson,* for appellees and cross-appellants.
*Messrs. Cole & Cole,* for appellant and cross-appellee.

CRAWFORD, J.   Each side in this case has instituted an appeal on questions of law and each makes a single assignment of error.   The parties will therefore be referred to simply as plaintiffs and as defendant.   Defendant claims the trial court erred in overruling it's demurrer to the first cause of action contained in plaintiffs' petition.   Plaintiffs claim error in the

order of the court excepting certain properties of defendant from the operation of a permanent injunction.

The first cause of action reads:

"Plaintiffs, Marion K. Hamilton, Arthur R. Bauer, Esther F. Bauer, and Emma A. Hackett, say that they bring this action on behalf of themselves and others who are so numerous that it is impracticable to bring them all before the court, and who have a common interest with plaintiffs herein and could be rightfully joined with plaintiffs herein, and are similarly situated with them in the subject of this action.

"Plaintiffs say that they and the others on behalf of whom they bring this action are the owners of lots located in the Hills and Dales Addition to the city of Springfield, Ohio, a plat of which addition is recorded in plat book No. 8, page 10, of the plat records as maintained in the office of the recorder for Clark County, Ohio; that said plat was dedicated on or about June 7, 1951.

"Plaintiffs say that defendant, Link-Hellmuth, Inc., is an Ohio corporation and is the owner of part of lot No. 260 in said Hills and Dales Addition.

"Plaintiffs say that defendant, Link-Hellmuth, Inc., proposes to subdivide part of lot No. 260 in said Hills and Dales Addition into six (6) parcels or tracts.

"Plaintiffs say that defendant, Link-Hellmuth, Inc., has caused to be prepared a plat of such proposed subdivision of said lot No. 260 and has presented said plat to the defendant, City Planning Board, of defendant, the city of Springfield, Ohio; that defendants, A. Edward Patmos, Robert F. Houston, Charles T. Mason, Fred W. Smith, Lawrence Schutte and George Merkle are the duly appointed, qualified and acting members of said City Planning Board of the city of Springfield, Ohio; that said defendant members of said defendant City Planning Board propose to approve said plat of such proposed subdivision and to permit the subdivision of said lot No. 260 as aforesaid.

"Plaintiffs say that defendant, the city of Springfield, Ohio, is a municipal corporation, and acting by said City Planning Board will approve and permit the proposed subdivision of said lot No. 260 as aforesaid.

"Plaintiffs say that defendant, City Planning Board, of the city of Springfield, Ohio, will approve and permit such subdivision of lot No. 260 as aforesaid.

"Plaintiffs say that defendants, the city of Springfield, Ohio, and the City Planning Board and the defendant members thereof are without jurisdiction to approve the proposed plat of defendant, Link-Hellmuth, Inc., of the subdivision of said lot No. 260; that plaintiffs would suffer great and irreparable damage for which they have no adequate remedy at law in the event such proposed subdivision of said lot No. 260 was approved and permitted; that only the Court of Common Pleas has jurisdiction to permit such subdivision on petition of two-thirds of the property owners."

The second cause of action, alleging certain deed restrictions, was subsequently abandoned by plaintiffs in the pleadings and was, upon motion of the defendant, dismissed with prejudice. Hence it is no longer an issue in the case.

The city of Springfield and its planning board have been dismissed as parties, so that Link-Hellmuth, Inc., is the sole remaining defendant.

The prayer of the petition was for a temporary restraining order and permanent injunction against such defendant, "restraining it from proceeding with the proposed subdivision of said lot No. 260 and the sale of the tracts or parcels which would result from such subdivision. * * * That upon final hearing said order be made perpetual * * *."

The defendant demurred generally to the first cause of action for failure to state a cause of action. The Common Pleas Court overruled the demurrer and permanently enjoined the defendant "from proceeding with the alteration of part of lot No. 260 of the plat of the Hills and Dales Subdivision to the city of Springfield, Ohio, until such subdivision is approved in accordance with the procedure required under Section 711.17 *et seq.* of the Revised Code of Ohio." The court specified, however, that the "decision was not intended to prevent defendant from selling the residences owned by it on said lot No. 260, and that so far as said decision is concerned, defendant is permitted to convey said residences and to retain the balance of said lot in its present form."

It is this latter portion of the order which plaintiffs assign as error; as stated above, defendant assigns as error the overruling of its demurrrer to the first cause of action.

In the Ohio Revised Code, "Chapter 711: Plats," under "Title VII, Municipal Corporations," begins with Section 711.001, entitled "Definitions." The pertinent part of that section reads:

"As used in Sections 711.001 to 711.38, inclusive, of the Revised Code:

"(A) 'Plat' means a map of a tract or parcel of land.

"(B) 'Subdivision' means:

"(1) The division of any parcel of land shown as a unit or as contiguous units on the last preceding tax roll, into two or more parcels, sites, or lots, any one of which is less than five acres for the purpose, whether immediate or future, of transfer of ownership, provided, however, that the division or partition of land into parcels of more than five acres not involving any new streets or easements of access, and the sale or exchange of parcels between adjoining lot owners, where such sale or exchange does not create additional building sites, shall be exempted; or * * *."

The succeeding sections contained in the chapter, from 711.01 to 711.16, inclusive, are grouped under the heading "Original Plats." Sections 711.17 to 711.27, inclusive, are grouped under the heading "Vacating Plats."

Plaintiffs contend that defendant in subdividing its portion of lot No. 260 must comply with Section 711.17, which reads:

"Upon the application of two-thirds of the proprietors of land described in a plat of a municipal corporation, the Court of Common Pleas may alter or vacate the plat of any such municipal corporation, addition thereto, or parts thereof, within the county."

Defendant says that section of the Code is not mandatory and that its proposed compliance with Section 711.09, Revised Code, in seeking approval of the planning commission and recording of the plat of its subdivision of part of lot 260 constitutes full performance of its statutory duty.

The first question to be determined is whether the proposed

subdivision of defendant's part of lot 260 constitutes an alteration of Hills and Dales Addition within the contemplation of Section 711.17, Revised Code.

The word, "alter," is of wide application, and consequently defies precise and limited definition. It is defined in Webster's New International Dictionary as meaning: "To change in one or more respects, but not entirely; to make (a thing) different without changing it into something else; to vary; to modify; sometimes, to change in any way." It is then pointed out that the word is derived from the "Latin *alter*, [signifying] other (of two), a comparative akin to Latin *alius*, another."

In legal parlance an alteration is "a change in the terms of a contract or other written instrument * * *." (Bouvier.) According to Black's Law Dictionary, to alter is "to make a change in; to modify; to vary in some degree; to change some of the elements or ingredients or details without substituting an entirely new thing or destroying the identity of the thing affected." "An alteration is an act done upon the *instrument* by which its meaning or language is changed." "Alteration" as applied to a building, means "a substantial change." As applied to highways, especially in connection with grade crossings, "alteration" is the substitution of one way for another. Ballentine's Law Dictionary says the alteration of a highway is "the removal of a road to new and different ground from that on which it was first located, without abandoning the road leading to the principal points."

In the present case it is not proposed to alter or change any streets, alleys, parks or other public or major features of the addition. There is to be no change even in existing lot lines. It would be stretching the meaning of the word, "alter," beyond any use of the term which we have found if an owner's subdivision of his own portion of a single lot were to be considered an alteration of the plat or of a part thereof.

Certainly the word has never been so applied in construing the statute in question, Section 711.17, Revised Code. The only two expressions in Ohio which counsel in their carefully prepared briefs, or the court in exhaustive search, have been able to discover, are 1918 Opinions of the Attorney General, Vol. 2, page 1191, and an editor's note on the decision of the Franklin

County Court of Common Pleas in the case of *Huling* v. *Huff-man*, 11 Dec. Rep., 303, 26 W. L. B., 73. Both state the view that this section was intended to be confined in its application to situations where not only lot lines but also streets and alleys were to be changed.

The placing of this and related sections under the subject "Vacating Plats" suggests at least that something radical or extensive, and closely akin to actual vacation, was contemplated.

Plaintiffs emphasize the cognate Section 711.23, Revised Code, which provides for the awarding of damages in the proceeding authorized by Section 711.17, Revised Code. Section 711.23, Revised Code, begins with this language:

"If the Court of Common Pleas is of the opinion that any person owning a lot in a plat, addition, or part thereof proposed to be vacated or altered, and not assenting to such vacation or alteration, will sustain damage thereby, it may proceed to hear proof in reference thereto, and may render judgment against the petitioners for such damages as it thinks proper and just * * *."

Plaintiffs would conclude from this provision that the Legislature, in enacting this section, recognized that any or all of the other owners in the plat or addition might probably be damaged. This is a *non sequitur*. Damages actually sustained must be the basis of such relief, and there can be no damages without rights which have been violated. Section 711.17, Revised Code, and related sections do not purport to create any new rights in the other owners in the plat. Hence, these other owners could have rights in defendant's property only through the usual methods of contract, deed restrictions, or plat restrictions.

"An owner will not be enjoined from subdividing or selling lots of smaller dimensions than those indicated on a plan made by him, in the absence of an express agreement or covenant that the land embraced in the map shall not be sold in lots smaller in area than those shown thereon. Such a covenant will not be implied from the mere making of the map and sale of lots with reference thereto." 2 Thompson on Real Property, 38, Section 477.

But let us suppose that the subdivision here in question did come within the scope of Section 711.17, Revised Code. Still the language of that section is clearly not mandatory. The method which it provides is permissive, not required.

Defendant's counsel claim the procedure which it is alleged to be following is that provided by Section 711.09, Revised Code, which requires the approval of the planning commission, and they emphasize the second from last sentence of the section, which reads:

"When a plan has been adopted as provided in this section the approval of plats shall be in lieu of the approvals provided for by any other section of the Revised Code, so far as territory within the approving jurisdiction of the commission, commissioner, or such legislative authority, as provided in this section, is concerned."

Plaintiffs point out in their briefs what they consider the possible disastrous consequences of permitting the sort of thing proposed by defendant, and the impotence of the planning commission to prevent them. While inclined to believe that a planning commission has adequate power to prevent any grave abuses, that question is not before us. If it is thought that other owners in such an addition should be given additional rights, this end may be accomplished by the Legislature or arranged in advance by the owners themselves through contract or by deed or plat restrictions.

If there were any serious doubt as to the meaning of the statutes in question, which we feel there is not, it would be our duty to apply to them any reasonable construction consistent with the defendant owner's free right of alienation.

"The law does not favor restraints on alienation and in case of doubt will adopt that construction which favors the right to convey." 26 Corpus Juris Secundum, 1067, Section 155.

"One of the most important qualities of an estate in fee simple is the approximately absolute freedom of alienation enjoyed by the owner, a power which has been of somewhat gradual growth. * * * This power of alienation is considered as such an essential characteristic of an estate in fee simple that any

attempted restriction of an absolute character upon the power is null and void." 1 Tiffany on Real Property (3 Ed.), 47, Section 33.

In the light of that principle any such statutory restriction must be specifically stated and not implied.

It is our conclusion that the defendant's proposed subdivision of its part of lot 260 does not constitute alteration of the Hills and Dales Addition as that term is employed in Section 711.17, Revised Code, and that that section is not mandatory.

This disposes of the errors assigned by both sides.

The judgment of the Court of Common Pleas is reversed and the cause remanded with instructions to sustain the defendant's demurrer to the petition and to dissolve the injunction, and for further proceedings according to law.

*Judgment reversed.*

HORNBECK, P. J., and WISEMAN, J., concur.