{¶ 1} Plaintiff Peter Ormond appeals from the order of the trial court which dismissed his taxpayer's action against the City of Solon. For the reasons set forth below, we affirm.
 {¶ 2} On July 5, 2005, plaintiff filed this taxpayer's action against the City of Solon, its law director, city council and mayor, (collectively referred to as "Solon") alleging that the city had improperly considered variances in connection with a "Southwoods" development project. According to plaintiff, the variances required for the project actually "effect * * * a rezoning" or a "District Zoning Change" and therefore must be submitted to the electorate for approval pursuant to the Solon City Charter, Article XIV, Section 1.[1]
Plaintiff prayed for declaratory and injunctive relief.
 {¶ 3} On September 30, 2005, Solon filed a motion to dismiss. In relevant part, Solon alleged that the action had been rendered moot because the city rejected the site plan at issue, denied all requested variances and no further development of "Southwoods" had been proposed. In opposition, plaintiff asserted that the controversy was not moot as it was capable of repetition yet evading review and was a matter of great public concern. *Page 4 
 {¶ 4} On October 17, 2005, the developer filed an administrative appeal of the city's denial with the court of common pleas. Plaintiff and others sought leave to intervene and on November 14, 2006, the trial court granted their motion to intervene. See DiSanto Enterprises, Inc.V. Council of the City of Solon, Case No. 05-575079.
 {¶ 5} Solon subsequently promulgated primary Issue 37 to permit voters to adopt a Greenspace Enhancement Overlay ("GEO") district to, inter alia, preserve natural areas.
 {¶ 6} The taxpayer action and the developer's administrative appeal were eventually consolidated. Pursuant to local rules,[2] the cases were assigned to the judge hearing the taxpayer action, as this case was filed prior to the administrative action.
 {¶ 7} Solon moved for summary judgment. In relevant part, the city asserted that plaintiff could not seek declaratory judgment within this taxpayer lawsuit, because R.C. 733.56 through R.C. 733.59 do not provide for such an action. Solon also asserted that, because the developer was not granted any variances, the law director was not required to institute any action in furtherance of rights allegedly protected under Solon City Charter, Article XIV. In addition, Solon asserted that plaintiff did not allege any other basis for relief under R.C. 733.56. The trial court *Page 5 
subsequently granted Solon's motion to dismiss and its motion for summary judgment. The developer's administrative appeal was then returned to the court in which it was originally filed. Plaintiff now appeals, assigning the following error for our review:
 {¶ 8} "The trial court committed reversible error by ruling that relator Ormond lacked standing to bring either a taxpayer action or a declaratory judgment action."
 {¶ 9} Solon reiterates its argument that this matter is moot since the city denied the requested variances. Plaintiff insists, however, that this matter should be heard pursuant to an exception to the mootness doctrine.
 {¶ 10} Article IV, Section 4(B) of the Ohio Constitution gives the courts of common pleas original jurisdiction "over all justiciable matters" before them. In Fortner v. Thomas (1970), 22 Ohio St.2d 13,257 N.E.2d 371, the Supreme Court explained when a justiciable controversy exists:
 {¶ 11} "Until the parties can come forward with a specific factual setting, without strictly resorting to hypotheticals and speculation, this cause does not present a justiciable controversy. This court is not inclined to decide cases on entirely hypothetical facts and render purely advisory opinions."
 {¶ 12} In general, a case is moot when a judgment is sought, upon a matter which, when it is rendered, cannot have any practical effect upon the issues raised by the pleadings. See Sedlak v. Solon (1995),104 Ohio App.3d 170, 178, 661 N.E.2d 265. *Page 6 
 {¶ 13} An exception to the mootness doctrine occurs when issues are "capable of repetition, yet evading review." Ashtabula County Joint Voc.Sch. v. O'Brien, Ashtabula App. No. 2004-A-0092, 2006-Ohio-1794. This exception is generally applied in instances involving controversies which will necessarily terminate before they can be resolved through litigation. Id.
 {¶ 14} Moreover, the Supreme Court of Ohio has held that "this exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." State exrel. Calvary v. Upper Arlington, 89 Ohio St.3d 229, 231, 2000-Ohio-142,729 N.E.2d 1182.
 {¶ 15} A second exception to the mootness doctrine has been invoked where there is "a matter of great public interest." Ashtabula CountyJoint Voc. Sch. v. O'Brien, supra, citing Franchise Developers, Inc. v.Cincinnati (1987), 30 Ohio St.3d 28, 505 N.E.2d 966.
 {¶ 16} In this matter, we find no justiciable controversy. Solon did not grant the requested variances and therefore cannot, as alleged in the complaint, be viewed as "effecting] a rezoning" or a "District Zoning Change" which must be submitted to the electorate for approval pursuant to the Solon City Charter, Article *Page 7 
XIV, Section 1. Therefore, a judgment issued by this court would have no practical effect upon the issues raised by the pleadings.
 {¶ 17} Moreover, we decline to apply the "capable of repetition yet evading review" exception as this exception is traditionally applied in time-sensitive matters as listed above and this matter does not involve a challenged action which is too short in its duration to be fully litigated before its cessation or expiration. Further, there is no reasonable expectation that the same complaining party will be subject to the same action again." In any event, it would be speculative to conclude that this case has implications for other zoning matters, as proposed developments have unique features and requirements.
 {¶ 18} Finally, we do not invoke the great public interest exception as this case involves an isolated claim that the variances requested by the developer amount to a rezoning. In any event, plaintiff has been granted leave to intervene in the administrative matter.
Affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
SEAN C. GALLAGHER, P.J., and MELODY J. STEWART, J., CONCUR
[1] In relevant part, this provision states:
"Any ordinance, resolution, or other action whether legislative or proposed by initiative petition, effecting a change in the zoning classification or district * * * shall not become effective after the passage thereof, until Council submits such * * * to the electorate * * *."
[2] See Local Rule 15 of the Cuyahoga County Court of Common Pleas. *Page 1