JOURNAL ENTRY AND OPINION
{¶ 1} In these consolidated appeals, the City of Solon and Intervenors Peter Ormond, Mary Yax, and Kathy and Michael Fazio challenge the trial court's determination that the city's denial of variances to developer DiSanto Enterprises, Inc. ("DiSanto") was arbitrary, capricious, and failed to substantially advance any legitimate interest. We note, however, that the developer has, since the filing of this appeal, submitted a modified site plan which changed the variances needed. The modified site plan has been adopted by Solon and that decision has since been appealed by intervenors to the court of common pleas in case no. CV-08-650670. Accordingly, for the reasons set forth below, we conclude that this matter has been rendered moot by subsequent events and we dismiss the appeal.
 {¶ 2} In May 2005, DiSanto obtained an option on an eleven-acre parcel on Pettibone Road in Solon. Zoned R-1-D, the parcel is subject to one-acre minimum lot size, and one hundred forty feet of lot frontage, and one hundred five feet of yard setback from the street. It is also undisputed that a developer must obtain a Nationwide Permit from the Army Corps of Engineers before the city will issue permits authorizing development if the map shows a wetland area. See Solon Codified Ordinances 1256.03. It is also undisputed that the parcel has wetlands and a protected stream.
 {¶ 3} DiSanto presented to the City of Solon Planning Commission a preliminary plat for a nine-lot subdivision of cluster homes designated *Page 4 
"Southwoods." The plan provided for either one-half or three-quarter acre lots in order to save approximately one-third of the parcel in a natural state and comply with wetlands protection requirements. DiSanto maintained, however, that the requested variances were similar to those granted in three other subdivisions and encouraged green space preservation but he acknowledged that in the absence of any variances, the parcel could accommodate nine single family homes on one-acre lots.
 {¶ 4} The matter was referred to the city's Engineering Department and the Planning Department. In August 2005, DiSanto appeared for a public hearing on the matter before the Planning Commission. The Planning Commission recommended approval of the preliminary plat contingent upon: 1) maintenance of vegetation/landscape at the subdivision's entrance; 2) deed restriction on the lots to require participation in a homeowner's association which would be responsible for common areas; 3) submission of a bond or policy of liability insurance to indemnify downstream property owners with regard to increased storm water runoff and drainage. The Planning Commission also approved lot area, front, rear, and side yard setback variances for each of the nine lots.
 {¶ 5} The matter proceeded to hearing before the Solon City Council on August 15, 2005. Various neighboring landowners voiced concerns or objections to the development. Council subsequently voted to table the variance applications in order to determine the number of lots the property could yield under a traditional, non-cluster development. At the second reading of the ordinance on September 19, *Page 5 
2005, councilwoman Drucker indicated that she believed that the variances were unnecessary since the property could be developed without them. Council then unanimously rejected all of the requested variances and denied preliminary plat approval. On October 17, 2005, DiSanto appealed to the court of common pleas pursuant to R.C. Chapter 2506. Intervenors Ormond, the Fazios, and Yax subsequently joined the suit, arguing, essentially that the requested variances amount to a rezoning and, as such, must be approved by a vote of the electorate under the Solon City Charter.[1] They were later denied permission to intervene and then commenced appeal to this court in case no. 88288. On reconsideration, the trial court granted the motion to intervene and appeal no. 88288 was, in turn, settled and dismissed on November 21, 2006.
 {¶ 6} DiSanto moved the trial court to introduce evidence in addition to the administrative record and asserted that the court case involved constitutional issues which were outside of the administrative agency's jurisdiction. The trial court granted the motion and the matter proceeded to an evidentiary hearing on December 15, 2006. Thereafter, on June 14, 2007, the trial court determined, based *Page 6 
upon the administrative record and the additional evidence, that the denial of the requested variances was not supported by reliable, probative, and substantial evidence. The court further concluded that the denial was arbitrary, unreasonable, capricious, and failed to substantially advance any legitimate public interest. The City and Intervenors filed notices of appeal to this court.
 {¶ 7} Solon asserts that the matter has become moot and notes that, in August 2007, DiSanto learned from the Army Corps of Engineers that the preliminary plat had to be changed and DiSanto then submitted a new plat with "significant changes to the proposed sub-lots with respect to area, front yard setback, rear yard setback and side yard setback, requiring a new set of variances wholly different from those originally requested in August 2005 in the original plat." Intervenors also agree that the matter is moot.
 {¶ 8} As a general rule, courts will not resolve issues that are moot.Miner v. Witt (1910), 82 Ohio St. 237, 92 N.E. 21. The Miner court stated:
 {¶ 9} "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any *Page 7 
effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence." Id., internal quotation omitted.
 {¶ 10} Accord State ex rel. Cincinnati Enquirer, Div. of GannettSatellite Information Network, Inc. v. Dupuis, 98 Ohio St.3d 126,2002-Ohio-7041, 781 N.E.2d 163 ("An event that causes a case to be moot may be proved by extrinsic evidence outside the record").
 {¶ 11} While we would agree that a developer's mere submission of a modified plat following the denial of variances does not render a matter moot, cf. Davis v. Hamilton County Regional Planning Com. (Feb. 27, 1991), Appeal No. C-890640, this matter actually involves the City's approval of the modified plat. In a brief filed with the court of common pleas in State ex rel. Ormond v. Solon, CV-08-650670, stated as follows:
 {¶ 12} "The planning Commission approved DiSanto's modified plan for Southwoods and, on January 22, 2008, DiSanto finally received preliminary site plan approval from Solon City Council."
 {¶ 13} We have further determined that Ormond and the other intervenors have instituted suit in the court of common pleas challenging the approval. State ex rel. Ormond v. Solon, CV-08-650670.
 {¶ 14} Likewise in this matter, the controversy surrounds the city's denial of the original forty-five variances requested in the first plat. Since the modified plat *Page 8 
involved new variances which were in fact granted, this matter is now devoid of an actual controversy. That is, any determination rendered in this matter must necessarily focus upon the trial court's decision reversing the denial of the variances. Since the preliminary site plan has been approved, the denial of the variances is no longer a justiciable controversy. Accord, Westfield v. Bd. of Zoning Appeals ofWestfield Twp., Medina App. No. 3158-M (by submitting a revised and compliant site plan and receiving approval, there is nothing left to litigate and the action is devoid of a live controversy); accordBlackford v. Medina (June 17, 1998), Medina App. No. 2709-M ("It is not the duty of the court to answer moot questions * * * any decision this Court could make regarding the validity of the December 12, 1996, approval of Osborne's site plan by the Commission would not affect the controversy between Mr. and Mrs. Blackford and the Commission."
 {¶ 15} Indeed, the City's decision granting the approval to the preliminary site plan is presently being appealed and is now the focus of the parties' controversy, State ex rel. Ormond v. Solon, CV-08-650670, so any pronouncement in this matter will not end the dispute. In accordance with the foregoing, this matter is moot and it is accordingly dismissed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. A certified copy of *Page 9 
this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and MARY J. BOYLE, J., CONCUR
[1] The matter was subsequently consolidated with a matter entitledState ex rel. Ormond v. Solon, Case No. CV-05-566950, a taxpayer action in which the plaintiffs asserted that the requested variance would cause a rezoning which had to be submitted to the electorate under the city's charter. Solon maintained that the taxpayer action was rendered moot after the city rejected the site plan at issue, denied all requested variances and no further development of Southwoods had been proposed. The trial court dismissed the taxpayer action and this court affirmed.State ex rel. Ormond v. City of Solon, Cuyahoga App. No. 88026,2007-Ohio-720. *Page 1