JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Solon, Ohio residents Peter Ormond, Kathy and Michael Fazio, and Mark and Darlene Yax (appellants) appeal the trial court's denying their motion for a preliminary injunction, as well as dismissing their taxpayer action lawsuit and their administrative appeal of a zoning issue against appellees the City of Solon (Solon) and developer DiSanto Enterprises, Inc. (DiSanto). After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} In April 2005, DiSanto submitted an application for a zoning variance to Solon regarding 11.3 acres of residential land known as Southwoods. DiSanto proposed to divide the area into nine one-half or three-quarter acre lots, requesting area variances because the parcel was zoned for minimum one-acre lots. Due to its proximity to protected wetlands, it was not feasible to develop the land without the variances. Solon's planning commission approved the setback variances; however, in September 2005, Solon city council rejected DiSanto's proposal. On October 17, 2005, DiSanto appealed to the court of common pleas. Appellants intervened in the case, arguing that the variances amounted to rezoning, which had to be approved via the electorate pursuant to the Solon city charter. On June 14, 2007, the trial court found for DiSanto, concluding that the denial of the variance request was arbitrary and unreasonable. DiSanto v. Solon, Cuyahoga County Common Pleas *Page 4 
Case No. CV-575079. Appellants and Solon appealed to this court. Subsequently, in December 2007, DiSanto submitted a new plan to Solon with modifications to the proposed sublots (modified proposal) based on the United States Army Corps of Engineers and Ohio Environmental Protection Agency's recommendations to reposition the homes to allow for a larger separation from environmentally sensitive features, specifically, the wetlands. This court dismissed the appeal as moot because in January 2008 Solon approved DiSanto's modified proposal and "the denial of the variances is no longer a justiciable controversy."DiSanto v. Solon, Cuyahoga App. No. 90107, 2008-Ohio-2939.
 {¶ 3} In the meantime, on July 6, 2005, Ormond, one of the appellants in the instant action, filed a taxpayer action against Solon, alleging the same argument which the intervenors made in Case No. CV-575079 — namely, that DiSanto's variances were actually rezoning efforts, which needed electorate approval. See Ormond v. Solon, Cuyahoga County Common Pleas Case No. CV-566950. Ormond's taxpayer suit was dismissed on March 14, 2006 for lack of a justiciable controversy because Solon denied DiSanto's original request for variances and Ormond had no standing to bring suit. On February 22, 2007, we affirmed this dismissal. Ormond v.Solon, Cuyahoga App. No. 88026, 2007-Ohio-720.
 {¶ 4} On January 15 and January 22, 2008, the Solon planning commission and the Solon city council, respectively, approved DiSanto's modified proposal for Southwoods. Appellants filed an administrative appeal and a taxpayer action in *Page 5 
opposition to Solon's granting DiSanto's modified proposal requesting variances. See, respectively, Ormond v. Solon, Cuyahoga County Common Pleas Case Nos. CV-650880 and CV-650670. The cases were consolidated at the trial court level, and on May 12, 2008, the court denied appellants' request for a preliminary injunction and summarily dismissed the consolidated cases with prejudice. It is from this order that appellants now appeal.
 II {¶ 5} In appellants' two assignments of error, they argue as follows: "The trial court erred when it refused to grant the Relators-Appellants' Motion for a Preliminary Injunction"; and "The trial court erred when it granted the Respondents-Appellees' Motion to Dismiss."
 "The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as * * * estoppel by judgment, and issue preclusion, also known as collateral estoppel. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226. Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd. (1998), 81 Ohio St.3d 392, 395, 1998-Ohio-435, 692 N.E.2d 140. Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter. Grava, 73 Ohio St.3d at 382, 653 N.E.2d 226.
 "Issue preclusion, on the other hand, serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies. Fort Frye, 81 Ohio St.3d at 395, 692 N.E.2d 140. Issue preclusion applies even if the causes of action differ. Id." *Page 6 
O'Nesti v. DeBartolo Realty Corp., 113 Ohio St.3d 59, 61,2007-Ohio-1102. See, also, State ex rel. Davis v. Public Employees Ret.Bd., 174 Ohio App.3d 135, 2007-Ohio-6594 (holding that "issue preclusion precludes relitigation of an issue that has been actually and necessarily litigated and determined in a prior action").
 {¶ 6} The trial court properly dismissed the instant case under the doctrine of res judicata. Specifically, the issue of whether granting DiSanto's variances regarding the Southwoods development was proper has already been decided by a court of competent jurisdiction and, thus, it is precluded from being relitigated. See DiSanto v. Solon (June 14, 2007), Cuyahoga County Common Pleas Case No. CV-575079.
 {¶ 7} The Ohio Supreme Court set forth a three-part test for applying issue preclusion, also known as collateral estoppel, in Thompson v.Wing (1994), 70 Ohio St.3d 176, 183: "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." Additionally, this court has held that "[t]he essential test in determining whether the doctrine of collateral estoppel is to be applied is whether the party against whom the prior judgment is being asserted had full representation and a `full and fair opportunity to litigate that issue in the first action.'" Cashelmara Villas Ltd. Partnership v.DiBenedetto (1993), 87 Ohio App.3d 809, 813 (internal citation omitted). *Page 7 
 {¶ 8} Appellants are plaintiffs in consolidated Case Nos. CV-650670 and CV-650880, which are the subject of this appeal. Additionally, appellants were plaintiffs in Case No. CV-566950 and they intervened in Case No. CV-575079. Most importantly, appellants, as plaintiffs and intervenors in the trial court in Case Nos. CV-566950 and CV-575079, argued that the requested variances amounted to rezoning — the same argument they made to the trial court, and which the trial court dismissed, in consolidated Case Nos. CV-650670 and CV-650880. Case No. CV-575079 was decided on its merits when the trial court reversed Solon's denial of DiSanto's variance request. The court adjudicated this issue in favor of DiSanto. Thus, the doctrine of res judicata applies. See, also, Grava v. Parkman Township (1995), 73 Ohio St.3d 379, 383
(holding that a landowner's "second application for a zoning certificate is barred by the doctrine of res judicata. Grava's second application is based on a claim arising from a nucleus of facts that was the subject matter of his first application. In both instances, Grava was attempting to construct exactly the same building on the same tract of land, which had fewer acres than Section 404.4 of the local zoning ordinance required").
 {¶ 9} Accordingly, we find no error with the court's denying appellants' preliminary injunction and granting Solon's motion to dismiss. Appellants' assignments of error are overruled.
Judgment affirmed.
 The Court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that appellees recover from appellants costs herein taxed.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., CONCURS; COLLEEN CONWAY COONEY, A.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION