JOURNAL ENTRY AND OPINION
{¶ 1} Peter K. Ormond, Kathy Fazio, and Mark Yax ("relators") have filed a complaint for a writ of mandamus. The relators seek an order from this court, which requires the city of Solon ("Solon") "to institute proceedings in the Cuyahoga County Common Pleas Court pursuant to R.C. §§ 711.17-711.39 to vacate and/or amend a portion of a plat of six building lots located within the City of Solon that are slated for reconfiguration into a new subdivision." Solon has filed a motion to dismiss, which *Page 3 
shall be treated as a motion for summary judgment.[1] For the following reasons, we
grant Solon's motion for summary judgment.
 {¶ 2} In April of 2005, Disanto Enterprises, Inc. ("Disanto") submitted an application for a zoning variance with regard to 11.3 acres of residential land that is located within Solon. Disanto sought to divide the 11.3 acres into nine one-half or three-quarter acre lots. Although approved by the planning commission of Solon, the Solon city council rejected the zoning variance, which precipitated an appeal by Disanto to the Cuyahoga County Court of Common Pleas. The administrative appeal resulted in a finding that the denial of the variance request was arbitrary and unreasonable. See DiSanto v. Solon, Cuyahoga County Court of Common Pleas Case No. CV-575079. An appeal to this court, however, was dismissed on the basis of mootness, since DiSanto submitted a modified variance plan that was approved by the Solon planning commission on January 15, 2008, and the Solon city council on January 22, 2008. See DiSanto v. Solon, Cuyahoga App. No. 90107, 2008-Ohio-2939.
 {¶ 3} In response to the approval of the modified variance plan, the relators filed two separate actions within the Cuyahoga County Court of Common Pleas: (1) State of Ohio ex rel. Ormond v. Solon, et al, Cuyahoga County Court of Common Pleas Case No. CV-650670, which involved a complaint for declaratory judgment *Page 4 
and injunctive relief; and (2) Ormond, et al. v. Solon, Cuyahoga Court of Common Pleas Case No. CV-650880, which involved an administrative appeal from the approval of Disanto's modified variance plan. The two separate actions were consolidated by the Cuyahoga County Court of Common Pleas. On May 12, 2008, the Cuyahoga County Court of Common Pleas denied the request for a preliminary injunction and summarily dismissed the consolidated cases with prejudice.
 {¶ 4} An appeal, from the judgment that denied the request for a preliminary injunction and dismissed the two consolidated cases, was taken to this court by the relators. On January 15, 2009, this court affirmed the judgment of the Cuyahoga County Court of Common Pleas on the basis of the application of the doctrines of res judicata. SeeState ex rel. Ormond, eta al. v. Solon, Cuyahoga App. No. 91625,2009-Ohio-133.
 {¶ 5} On October 17, 2008, the relators filed their complaint for a writ of mandamus. Solon filed a motion to dismiss the complaint for a writ of mandamus and the relator's filed a brief in opposition to the motion to dismiss. On February 9, 2009, this court sua sponte converted Solon's motion to dismiss into a motion for summary judgment per Civ. R. 12(B).
 {¶ 6} The relators, through their complaint for a writ of mandamus, seek an order from this court that requires Solon to institute statutory proceedings in the Cuyahoga County Court of Common Pleas. Specifically, the relators argue that *Page 5 
pursuant to R.C. §§ 711.17 thru 711.39, Solon is required "to vacate and/or amend the plat of Permanent Parcel Numbers 956-21-011, 012, 013, 014, 015, and 016."
 {¶ 7} In order for this court to issue a writ of mandamus, the relators must establish each prong of the following three-part test: (1) the relators possess a clear legal right, pursuant to R.C. Chapter 711, which requires Solon to initiate proceedings within the Cuyahoga County Court of Common Pleas in order to vacate or amend the plat of Permanent Parcel Nos. 956-21-011, 956-21-012, 956-21-13, 956-21-014, and 956-21-015; (2) Solon possesses a clear legal duty, pursuant to R.C. Chapter 711, which requires it to initiate proceedings within the Cuyahoga County Court of Common Pleas in order to vacate or amend the plat of Permanent Parcel Nos. 956-21-011, 956-21-012, 956-21-13, 956-21-014, and 956-21-015; and (3) there exists no other adequate remedy in the ordinary course of the law. State ex rel. Tran. v.McGrath, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108; State ex rel.Boardwalk Shopping Center, Inc. v. Court of Appeals forCuyahoga County (1990), 56 Ohio St.3d 33, 564 N.E.2d 89; State ex rel. Sibarco v.Berea (1966), 7 Ohio St.2d 85, 218 N.E.2d 428. Mandamus is an extraordinary remedy, to be issued with great caution and discretion and may be issued only when the way is absolutely clear. State ex rel. Krissv. Richards (1921), 102 Ohio St. 455, 132 N.E. 23. It must also be noted that mandamus will not issue in doubtful cases. State ex rel. Taylor v.Blasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v.Ohio *Page 6 Turnpike Com. (1953), 159 Ohio St. 581, 113 N.E.2d 14. Finally, mandamus is not a substitute for an appeal. State ex rel. Keenan v.Calabrese (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel.Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659.
 {¶ 8} Herein, the relators have failed to establish that they possess any right pursuant to R.C. Chapter 711 or that Solon possesses any duty pursuant to R.C. Chapter 711, which requires the initiation of any re-platting proceeding within the Cuyahoga County Court of Common Pleas.[2] In fact, the legal authority cited by the relators. in support of their claim for re-platting, fails to establish the existence of any clear right of the relators or any clear legal duty on the part Solon. Absent clear, demonstrative proof of the existence of a legal right and a legal duty, we can but find that the relators are not entitled to a writ of mandamus. State ex rel. Am. Legion *Page 7 Post 25 v. Ohio Civ. Rights Com., 117 Ohio St.3d 441, 2008-Ohio-1261,884 N.E.2d 589; State ex rel. Kuczak v. Saffold (1993),67 Ohio St.3d 123, 616 N.E.2d 230.
 {¶ 9} In addition, we find that the existence of an adequate remedy at law prevents this court from issuing a writ of mandamus. As previously stated, a writ of mandamus may issue only when the relators demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty; and (3) no existence of a plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28, 451 N.E.2d 225. We have already determined that the relators have failed to demonstrate the first and second prongs of the aforesaid test. We also find that the relators have failed to demonstrate the third prong of the three-part test, since there exists or existed an adequate remedy in the ordinary course of the law vis-a-vis an action for declaratory judgment.
 {¶ 10} Herein, the relators are attempting to obtain a declaration of their rights and the duties of Solon under R.C. Chapter 711. Under the declaratory judgment provisions of R.C. 2721.03, any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, or contract may have determined any question of construction or validity arising under such constitutional provision, statute, or contract and obtain a declaration of rights, status, or other legal relations in a court of record.[3] Where declaratory judgment provides a complete and *Page 8 
therefore adequate remedy at law, mandamus is inappropriate. State exrel. Viox Builders, Inc. v. Lancaster (1989), 46 Ohio St.3d 144,545 N.E.2d 895.
 {¶ 11} The relators seek a declaration of their rights and the duties of Solon under R.C. Chapter 711, including a declaration as to the prior existence of a duly recorded, pre-existing platted subdivision known as "City Farms" and the ability of Solon to control the issue of platting through the exercise of home rule powers as granted by the Ohio Constitution and Solon Charter Article VI, § 5. The declaration of the rights and duties of the relators and Solon can only be accomplished through an action in declaratory judgment, which constitutes an adequate remedy at law. The relators can or could have brought an action for declaratory judgment within the Cuyahoga County Court of Common Pleas. Thus, the relators possession of a plain and adequate remedy in the ordinary course of law, by way of a declaratory judgment action, prevents this court from issuing a writ of mandamus. State ex rel.Square v. Planning Comm. (1980), 64 Ohio St.2d 128, 413 N.E.2d 825;State ex rel. McGarvey v. Zeigler (1980), 62 Ohio St.2d 320,405 N.E.2d 722. *Page 9 
 {¶ 12} Finally, we find that the doctrine of res judicata prevents this court from issuing a writ of mandamus.[4] The Supreme Court of Ohio, with regard to the doctrine of res judicata, has established that:
 {¶ 13} "The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel.Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381, 1995-Ohio-331,653 N.E.2d 226. Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. Fort FryeTeachers Assn., OEA/NEA v. State Emp. Relations Bd. (1998),81 Ohio St.3d 392, 395, 1998-Ohio-435, 692 N.E.2d 140. Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter. Grava, 73 Ohio St.3d at 382,653 N.E.2d 226.
 {¶ 14} "Issue preclusion, on the other hand, serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies. Fort Frye, 81 Ohio St.3d at 395, 692 N.E.2d 140. Issue preclusion applies even if the causes of action differ. Id." O'Nesti v.DeBartolo Realty Corp, 113 Ohio St.3d 59, 61, 2007-Ohio-1102. See, *Page 10 
also, State ex rel. Davis v. Public Employees Ret. Bd.,174 Ohio App.3d 135, 2007-Ohio-6594, wherein the court held that issue preclusion precludes relitigation of an issue that has been actually and necessarily litigated and determined in a prior action.
 {¶ 15} Although this court's ability to take judicial notice is not unbridled, we may take judicial notice of findings and judgments as rendered in other Ohio cases. Morgan v. Cincinnati (1986),25 Ohio St.3d 285, 496 N.E.2d 468; In re Adoption of Lassiter (1995),101 Ohio App.3d 367, 655 N.E.2d 781. In the case sub judice, we take judicial notice of this court's judgment as rendered in State ex rel. Ormond, et al. v.Solon, Cuyahoga App. No. 91625, 2009-Ohio-133. We also take judicial notice of the complaints and judgments as rendered in State ex rel.Ormond v. Solon, et al, Cuyahoga County Court of Common Pleas Case No. CV-650670, Ormond, et al. v. Solon, Cuyahoga County Court of Common Pleas Case No. CV-650880, and the numerous other appeals and complaints as filed in this court and the Cuyahoga County Court of Common Pleas by the relators.
 {¶ 16} The issue of re-platting and R.C. Chapter 711, as presently raised by the relators through their petition for a writ of mandamus, has previously been raised in Cuyahoga County Court of Common Pleas Case Nos. CV-650670 and CV-650880, which were consolidated for trial. See the following pleadings and motions as filed in Case Nos. CV-650670 and CV-650880: (1) complaint for declaratory *Page 11 
judgment and injunctive relief at p. 5; (2) motion for temporary restraining order and preliminary injunction with brief in support at p. 5; (3) Solon's brief in opposition to relators' motion for temporary restraining order and preliminary injunction at p. 5; (4) Solon's motion to dismiss at p. 16; and (5) relators' opposition to motion to dismiss at p. 5. In addition, the issue of re-platting was specifically argued through the relators' first assignment of error as raised in State exrel. Ormond v. Solon, Cuyahoga App. No. 91625, 2009-Ohio-133.
 {¶ 17} "Replatting [sic]. * * * Appellants presented evidence and argument that the Southwoods development has not been replatted [sic] in conformity with R.C. 711. This is not a case in which a landowner subdivides a single large parcel into no more than five lots that do not require the construction of a new street. R.C. 711.133. This is also not the combination of two lots into one, for the purpose of building a larger-than-usual house. Instead, this is the combination of six lots recorded in 1938 as the City Farms allotment, and their subsequent division into nine lots surrounded by a greenspace easement and connected by a new residential street and cul-de-sac. Under the Revised Code, such a scheme requires that the landowner seek the approval of two-thirds of the property owners in the affected plat and apply to the Common Pleas Court for vacation or alteration of the existing plat. See, e.g. R.C. §§ 711.17-711.23; Hamilton v. Link-Hellmuth Inc. (1957),104 Ohio App. 1, 6; 1984 Ohio Atty. Gen. Op. 84-073; 1964 Ohio Atty.Gen. Op. 1044. None of *Page 12 
this has been done, * * *." (Footnote omitted.) Brief of Appellants at p. 12, State ex rel. Ormond v. Solon, supra.
 {¶ 18} In the case sub judice, the issue, which forms the basis of the claim for a writ of mandamus, was presented and argued before the Cuyahoga County Court of Common Pleas. In addition, the issue was raised, by the relators, before this court as part of assignment of error one. Since the issue has been raised and found to be without any merit, we can only find that the doctrine of res judicata bars this court from any further consideration, vis-a-vis the petition for a writ of mandamus, as to whether Solon must initiate legal proceedings within the Cuyahoga County Court of Common Pleas for the purpose of re-platting. State ex rel. Davis v. Pub. Emps. Retirement Bd.,120 Ohio St.3d 386, 2008-Ohio-6254, ___ N.E.2d ___; State ex rel;. Schachter v.Pub. Emps. Retirement Bd., Franklin App. 07AP-444, 2008-Ohio-3624;State ex rel. Distrib. Fullfillment Servs. v. Indus. Comm., Franklin App. No. 07AP-176, 2008-Ohio-2274.
 {¶ 19} Since the relators have failed to establish each prong of the three-part test applicable to their petition for a writ of mandamus and the applicability of the doctrine of res judicata, we find that Solon is entitled to summary judgment as a matter of law. Costs to relators. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ. R. 58(B). *Page 13 
Petition denied.
PATRICIA A. BLACKMON, J., and MELODY J. STEWART, J., CONCUR
[1] Pursuant to Civ. R. 12(B), this court may convert the Civ. R. 12(B)(6) motion to dismiss into a Civ. R. 56(C) motion for summary judgment.
[2] Civ. R. 56(C) delineates the different kinds of evidence that may be considered in a motion for summary judgment. This court may only consider the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. Thus, Exhibit "A", as attached to the petition for a writ of mandamus, cannot be considered by this court for the purpose of issuing a judgment with regard to Solon's motion for summary judgment. However, it should be noted that relators' counsel, in the letter forwarded to Solon's Law Director, acknowledged that there exists confusion as to whether the provisions of R.C. Chapter 711 are mandatory: "Once a subdivision has been recorded, R.C. §§ 711-17-23 indicate that to vacate or alter a plat of a `subdivision' the other owners of property within the subdivision must give approval, and an action to change the plat must be instituted in Common Pleas Court.There has been some confusion to whether these provisions aremandatory. The case of Hamilton v. Link-Hellmuth Inc. (1957),104 Ohio App. 1, claims they might not be mandatory, and cites to R.C. § 711.09, which says that a political subdivision that has instituted a plan for street and plat approval can approve plats, regardless of any other section of the code." (Emphasis added).
[3] While R.C. 2721.02 provides all "courts of record" with the power to grant declaratory judgment, Ohio Const. Art. IV, § 3(B)(1)(a) limits the original jurisdiction of the court of appeals to mandamus, procedendo, prohibition, habeas corpus, quo warranto, and to any cause on review. The court of appeals possesses no jurisdiction to render a declaratory judgment. State ex rel. Neer v. Industrial Comm. (1978),53 Ohio St.2d 22, 371 N.E.2d 842.
[4] The doctrine of res judicata is fully applicable to all proceedings in mandamus. State ex rel. Welsh v. Ohio Medical Bd. (1964),176 Ohio St. 136, 198 N. E.2d 74; State ex rel. Glaser v. McCormack
(Nov. 3, 1988), Cuyahoga App. No. 54108. *Page 1