[Cite as *U.S. Bank, N.A. v. Clovesko*, 2023-Ohio-4207.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

U.S. BANK N.A., AS TRUSTEE, :

    Plaintiff-Appellee, :

                                         No. 112226

    v. :

JOSEPH CLOVESKO, ET AL., :

    Defendants-Appellants. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 22, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-917589

---

### *Appearances:*

Carpenter Lipps LLC, David A. Wallace, and Karen M. Cadieux, *for appellee.*

Wendy S. Rosett, *for appellants.*

LISA B. FORBES, J.:

{¶ 1} Appellant Joseph Clovesko ("Clovesko")[1] appeals the trial court's

journal entry denying his (1) amended combined motions to stay and for sanctions,

---

[1] While the underlying case named several defendants, Clovesko is the only named appellant in the instant case.

(2) amended motion for limited postjudgment, expedited discovery, and (3) amended motion for leave to file reply brief instanter.  After reviewing the facts of the case and the pertinent law, we affirm.

## I.    Facts and Procedural History

{¶ 2}    On July 1, 2019, U.S. Bank N.A., as trustee, on behalf of the holders of the J.P. Morgan Mortgage Trust 2007-S2 Mortgage Pass-Through Certificates ("US Bank"), filed a complaint for foreclosure against Clovesko, alleging that it "is due upon the Note the principal amount of $357,710.69, plus interest on the outstanding principal amount at the rate of 6.25% per annum from February 1, 2018, plus late charges and advances and all costs and expenses incurred for the enforcement of the Note and Mortgage."

{¶ 3}    The trial court granted U.S. Bank default judgment on November 6, 2019, adopting the magistrate's decision, which was entered September 24, 2019, following a hearing.  On November 11, 2019, Clovesko filed a notice of bankruptcy, and the case was stayed.

{¶ 4}    The case was returned to the active docket on February 17, 2022.  On the same day, the court appointed a private-selling officer, upon U.S. Bank's motion. The property was offered for sale at online auction from October 11, to October 18, 2022.  Following the sale, Clovesko filed his motions and amended motions for stay of confirmation of sale and sanctions, limited postjudgment discovery, and leave to file a reply brief instanter.   The trial court denied Clovesko's motions on November 18, 2022.

{¶ 5} On December 5, 2022, Clovesko filed a renewed motion to stay confirmation of sale and a renewed motion to vacate judgment and for approval of redemption. The court conditionally granted Clovesko's motions on December 6, 2022, providing that "this order is effective only upon the deposit of the requisite funds." Clovesko deposited the required $555,000 on the same day.

{¶ 6} Clovesko filed his notice of appeal on December 8, 2022, challenging the trial court's November 18, 2022 journal entry. In his appeal, Clovesko raises raising the following assignment of error:

> The trial court erred to the prejudice of the Appellant by (1) denying the Appellant's Amended Combined Motions to Stay and for Sanctions including, but not limited to, Dismissal of Plaintiff's Claims with Prejudice; (2) Amended Motion for Limited Post-Judgment, Expedited Discovery; and (3) Amended Motion for Leave to File Reply Brief Instanter as such was without a hearing, an abuse of discretion and otherwise unreasonable, arbitrary, and capricious due to failures to comply with statutory and common law requirements.

{¶ 7} While this appeal was pending, on July 26, 2023, the court issued an order to distribute the deposited redemption funds.

## II. Law and Analysis

### A. Motion for Stay and Sanctions

{¶ 8} At the outset, we note that Clovesko's arguments related to the trial court's denial of his motion to stay are moot. An issue "is moot when a judgment is sought, upon a matter which, when it is rendered, cannot have any practical effect upon the issues raised * * *." *State ex rel. Ormond v. Solon*, 8th Dist. Cuyahoga No. 88026, 2007-Ohio-720, ¶ 12. Any error by the trial court when it denied

Clovesko's motion to stay confirmation of sale on November 18, 2022, has been rendered moot by its December 6, 2022 entry granting of Clovesko's motion to stay.

{¶ 9} Turning to the issue of sanctions, we note that Clovesko's motion did not specify whether the request for sanctions was pursuant to Civ.R. 11 or R.C. 2323.51. A review of the motion reveals that Clovesko did not take issue with any particular court filing as to implicate Civ.R. 11. Consequently, we will limit our analysis to R.C. 2323.51.

{¶ 10} Pursuant to R.C. 2323.51(B)(1), "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action." Pertinent to this appeal, "conduct" is defined by R.C. 2323.51(A)(1)(a) to mean "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion or other paper in a civil action * * * or the taking of any other action in connection with a civil action." The term "frivolous conduct" is defined in R.C. 2323.51(A)(2) as "conduct of * * * [a] party to a civil action * * * that * * * obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation." This statute "serves to deter abuse of the judicial process by penalizing sanctionable conduct that occurs during litigation." *Woodrow v. Krukowski*, 8th Dist. Cuyahoga No. 111753, 2023-Ohio-378, ¶ 14.

{¶ 11} The decision whether to grant sanctions pursuant to R.C. 2323.51 rests within the sound discretion of the trial court. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11. Accordingly, we will not reverse the trial court's decision regarding sanctions absent an abuse of discretion. *Full Spectrum Invests., L.L.C. v. Victory Marketing & Consultant, Inc.*, 8th Dist. Cuyahoga No. 110431, 2021-Ohio-4169, ¶ 7. A trial court abuses its discretion when its decision "is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). The Ohio Supreme Court recently explained that an abuse of discretion "involves more than a difference in opinion." *State v. Weaver*, Slip Opinion No. 2022-Ohio-4371, ¶ 24. That is, a trial court's judgment that is "profoundly and wholly violative of fact and reason" constitutes an abuse of discretion. *Id.*

{¶ 12} In the trial court, Clovesko moved for sanctions alleging that U.S. Bank had engaged in "unlawful, unethical, and unprecedented actions * * * since September 26, 2022." According to Clovesko, the basis for the request for sanctions was laid out in an attached affidavit of David Ra ("Ra"):

> The attached supporting affidavit, which the Defendant incorporates herein by reference, lays the legal framework which supports the Defendant's motion.

{¶ 13} The Ra affidavit states that Ra "became involved in the instant matter * * * in mid-September, 2022." Ra averred that he contacted U.S. Bank's loan servicer, Select Portfolio Services ("SPS") for the first time under a pseudonym on September 25, 2022, seeking payoff information related to Clovesko's loan.

Specifically, Ra asserts that SPS received a borrower's authorization form, which would allow a paralegal in his office to access Clovesko's payoff information. Ra further claimed that the servicer "stalled and stonewalled to prevent [providing] even the most basic information needed to assist" Clovesko. Ra acknowledges in his affidavit that he received the payoff information he requested from SPS on October 16, 2022.

{¶ 14} Initially we note that nothing Clovesko argues either below, or on appeal, implicates R.C. 2323.51. Viewed most broadly, Clovesko argues not about conduct of a party or its lawyer in litigation but about the manner in which SPS conducts its business affairs.

{¶ 15} Further, on appeal Clovesko attempts to raise a new argument not presented to the trial court. On appeal, Clovesko argues that the trial court erred when it denied his motion for sanctions because U.S. Bank "violated the Truth-in-Lending-Act ('TILA') because they failed to provide an accurate payoff balance within a reasonable period of time from receiving the multiple requests." Clovesko further argues on appeal that the actions taken by SPS are attributable to U.S. Bank. However, Clovesko did not raise either of these arguments in his motion for sanctions. The Ra affidavit never mentions TILA, much less any specific provision of TILA allegedly violated.

{¶ 16} "It is well established that a party cannot raise new arguments and legal issues for the first time on appeal, and that failure to raise an issue before the trial court results in waiver of that issue for appellate purposes." *Cleveland Town*

*Ctr., L.L.C. v. Fin. Exchange Co. of Ohio, Inc.*, 2017-Ohio-384, 83 N.E.3d 383, ¶ 21 (8th Dist.), citing *Bank of Am., N.A. v. Michko*, 8th Dist. Cuyahoga No. 101513, 2015-Ohio-3137, ¶ 28. Because Clovesko did not raise either of these arguments in his motion for sanctions, we decline to review them on appeal.

### B. Motion for Postjudgment Discovery

{¶ 17} We review a trial court's decision regarding discovery matters for abuse of discretion. *180 Degree Solutions L.L.C. v. Metron Nutraceuticals, L.L.C.*, 8th Dist. Cuyahoga No. 109986, 2021-Ohio-2769, ¶ 57. "Furthermore, a judgment preventing the requesting party from pursuing discovery will not be reversed unless the ruling causes substantial prejudice." *WFG Natl. Title Ins. Co. v. Meehan*, 2018-Ohio-491, 107 N.E.3d 60, ¶ 18 (8th Dist.), citing *Shaver v. Std. Oil Co.*, 68 Ohio App.3d 783, 589 N.E.2d 1348 (6th Dist.1990); *see also* Civ.R. 61.

{¶ 18} In considering Clovesko's appeal regarding denial of his motion for postjudgment discovery, we first review the Rules of Appellate Procedure. App.R. 16(A)(7) requires an appellant to include in the appellate brief

> [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.

An appellant's "failure to offer relevant citations to the record to support its appellate arguments is a fatal flaw." *In re Fuel Adjustment Clauses for Columbus S. Power Co.*, 140 Ohio St.3d 352, 2014-Ohio-3764, 18 N.E.3d 1157, ¶ 36. "'An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if the party raising it fails to identify in the record the error on which the assignment of error is

based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" *Baxter v. Thomas*, 8th Dist. Cuyahoga No. 101186, 2015-Ohio-2148, ¶ 54, quoting *Rodriguez v. Rodriguez*, 8th Dist. Cuyahoga No. 91412, 2009-Ohio-3456, ¶ 4.

{¶ 19} Clovesko makes no argument as to how the court abused its discretion in denying his motion for postjudgment discovery. While Clovesko cites abundant case law, he never explains how any of that case law applies to the facts of this case. Further, Clovesko has not presented any argument that the denial of postjudgment discovery affected his substantial rights.

{¶ 20} "If an argument exists that can support this assigned error, it is not this court's duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028, 22 (May 6, 1998). *See also State v. Watson*, 126 Ohio App.3d 316, 321, 710 N.E.2d 340 (12th Dist.1998) (holding that "[i]t is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error. * * * An appellate court is not a performing bear, required to dance to each and every tune played on appeal.").

{¶ 21} Accordingly, we find this argument not well taken.

### C. Motion for Leave to File Reply Brief Instanter

{¶ 22} Clovesko mentions in his assignment of error that he believes the trial court's denial of his motion for leave to file reply brief was erroneous, but he does not raise the issue again in his appellate brief. Clovesko does not make any argument or provide citations to relevant legal authority to support this portion of

his assignment of error. Accordingly, we decline to address Clovesko's argument that the trial court erred when it denied his motion for leave to file a reply brief instanter. *See Baxter*, 8th Dist. Cuyahoga No. 101186, 2015-Ohio-2148, at ¶ 54.

**{¶ 23}** Clovesko's sole assignment of error is overruled.

**{¶ 24}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

EILEEN A. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR